IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HSBC BANK USA,
NATIONAL ASSOCIATION,
*as Indenture Trustee under that certain*
*Indenture dated June 1, 2007, for the*
*benefit of the Indenture Trustee and holders*
*of the Business Loan Express Business*
*Loan-Backed Notes, Series 2007-A,*
*as their interests may appear,*

                    Plaintiff,

v.                                          Civil Action No. 3:12-cv-0668

RON RESH and VALARIE REYNOLDS-RESH,
*Individually and as Trustees of the Resh Living Trust*
*and the Valarie Reynolds-Resh Living Trust,*

                    Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, HSBC Bank USA, National Association ("HSBC"), not in its own right, but solely as Indenture Trustee under that certain Indenture dated June 1, 2007, as the same may be amended from time to time, for the benefit of the Indenture Trustee and holders of the Business Loan Express Business Loan-Backed Notes, Series 2007-A, as their interests may appear, and says as follows for its Complaint in this matter:

## THE PARTIES

1.     HSBC is a national banking association with its principal office in McLean, Virginia. HSBC appears in this action not in it own right, but only as Indenture Trustee under that certain Indenture dated June 1, 2007, for the benefit of the Indenture Trustee and holders of the Business Loan Express Business Loan-Backed Notes, Series 2007-A, as their interest may appear.

2. Ron Resh and Valarie Reynolds-Resh, husband and wife, are residents and citizens of Modesto, California.

3. Ron Resh and Valarie Reynolds-Resh are the Trustees of the Resh Living Trust ("the RLT") and the Valarie Reynolds-Resh Living Trust ("the VRRLT").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because it is an action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because the parties expressly agreed that West Virginia has a "substantial relationship to the parties and to the underlying transaction[s]." The Notes at 5, ¶ 15.

## THE PROMISSORY NOTES AND PERSONAL GUARANTEES

6. On or about April 27, 2006, Ron Resh and Valarie Reynolds-Resh, in their capacity as Trustees, borrowed a total of $2,745,000 by three promissory notes ("the Notes") that are now held by the Plaintiff.

7. Each of these Notes called for repayment of the sum borrowed, at 8.36% interest *per annum*, with total monthly payments of $22,072 due on the 5th day of each month, beginning in June, 2006. More specifically, the Notes are described as follows:

    a. A promissory note in the amount of $930,000 signed by the Defendants as Trustees of the RLT, secured by real property in Cabell County, West Virginia, and calling for monthly payments of $7,487;

    b. A promissory note in the amount of $982,500 signed by the Defendants as Trustees for the RLT and the VRRLT,

    secured by real property in Raleigh County, West Virginia, and calling for monthly payments of $7,900; and

c. A promissory note in the amount of $832,500 signed by the Defendants as Trustees for the RLT, secured by real property in Monongalia County, West Virginia, and calling for monthly payments of $6,694.

8. True copies of the Notes are collectively attached as Exhibits A and are incorporated herein as if set forth in their entirety.

9. Beyond the above-noted interest of 8.36%, each Note provides for **_additional_** interest to accrue upon the unpaid balance at the rate of 4.00% *per annum* during any period of default. In other words, the Notes provide for a default interest rate of 12.36% *per annum*.

10. The Notes provide for recovery from the Defendants of "all reasonable costs and expenses incurred . . . in connection with the indebtedness evidenced . . . , including, without limitation, all reasonable attorney's fees and costs for . . . the collection of the indebtedness . . . and the enforcement of rights and remedies." The Notes at 4, ¶ 11.

11. On or about April 27, 2006, Ron Resh and Valarie Reynolds-Resh executed and delivered Unconditional Guarantees ("the Guarantees") for the Notes.

12. True copies of the Guarantees are attached as collectively as Exhibits B and are incorporated herein as if set forth in their entirety.

## THE SECURITY

13. Each Note was secured by a first position lien that was created by Deeds of Trust dated April 27, 2006 and perfected by recording, respectively, in the Office of the Clerk of the County Commission of:

a. Cabell County in Trust Deed Book 2081 at Page 388;

3

      b.    Raleigh County in Trust Deed Book 5022 at Page 0950; and

      c.    Monongalia County in Trust Deed Book 1464 at Page 477.

14. As of December 11, 2011, the combined unpaid principal balance due under the Notes stood at $2,618,894.16.

15. As of December 11, 2011, the accrued unpaid interest due under the Notes stood at $1,173,390.75.

## THE DEFAULTS AND THE TRUSTEE'S SALES

16. The Notes have been in default at all times since May 15, 2009. The Defendants failed to cure such defaults despite receiving written notice of default and demand for payment.

17. Between December 12 and December 21, following notice and publication as required by law, the Substitute Trustee under the aforesaid Deeds of Trust foreclosed with Trustee Sales on each piece of secured property, and obtained a total recovery of $555,100 as follows:

      a.    In Cabell County, at a sale noticed for and conducted at 1:00 p.m. on December 12, 2011, the Plaintiff was the high bidder for the secured property at $105,000.00, yielding net proceeds of $102,546.27;

      b.    In Raleigh County, at a sale noticed for and conducted at 1:00 p.m. on December 16, 2011, Maple Ridge, LLC, a West Virginia limited liability company, was the high bidder for the secured property at $150,100.00, yielding net proceeds of $146,775.99; and

      c.    In Monongalia County at a sale noticed for and conducted at 1:00 p.m. on December 21, 2011, the Plaintiff was the high bidder for the secured property at $300,000.00, yielding net proceeds of $293,593.27.

18. The Defendants received actual notice of the above-noted sales, but they made no appearance at any sale.

## THE DEFICIENCIES

19. After recoverable expenses, the combined net proceeds of the above-noted sales were $542,915.53. As provided by Paragraph 4 of the Notes, those net proceeds were credited against the accrued interest, reducing the accrued interest of $1,173,390.75 noted in Paragraph 16, above, to $630,475.22.

20. Because the net proceeds of the Trustee Sales were insufficient to pay all of the accrued interest, the combined principal balance of the Notes remains at $2,618,894.16.

21. With interest as set forth in Paragraph 9, above, the combined principal balance due on the Notes is subject to a *per diem* interest charge of $886.83.

22. Between December 12, 2011 and March 8, 2012, additional interest in the amount of $78,041.04 has accrued on the combined principal balance. Thus, as of March 8, 2012 the total amount of interest accrued upon the combined principal balance stands at $708,516.26.

23. Pursuant to their obligations under the Notes, Ron Resh and Valarie Reynolds-Resh, in their capacity as Trustees of the RLT and/or the VRRLT, are obligated to the Plaintiff in the principal amount of $2,618,894.16, plus all accrued interest, reasonable costs, fees and expenses (including reasonable attorney's fees) incurred by the Plaintiff for the collection of the indebtedness and the enforcement of rights and remedies under the Notes and the Deeds of Trust.

24. Pursuant to their obligations under the Guarantees, Ron Resh and Valarie Reynolds-Resh, in their individual capacity, are obligated to the Plaintiff in the amount of $2,618,894.16, plus all accrued interest, costs, fees and expenses (including reasonable attorney's fees) incurred by the Plaintiff for the collection of the indebtedness and the enforcement of rights and remedies under the Notes.

**WHEREFORE**, HSBC Bank USA, National Association, not in its own right, but solely

as Indenture Trustee under that certain Indenture dated June 1, 2007, as the same may be amended from time to time, for the benefit of the Indenture Trustee and holders of the Business Loan Express Business Loan-Backed Notes, Series 2007-A, as their interests may appear, prays that it be granted judgment against the defendants (individually and as trustees of the Resh Living Trust and the Valarie Reynolds-Resh Living Trust);

1. In the amount of $2,618,894.16 for the unpaid principal due on the Notes;

2. Pre-judgment interest through March 8, 2012 in the amount of $708,516.26, plus $886.83 for each day thereafter until the entry of judgment;

3. For all costs, fees and expenses (including reasonable attorney's fees) incurred by the Plaintiff for the collection of the indebtedness and the enforcement of rights and remedies under the Notes; and

4. For post-judgment interest on all of the above as provided by law, together with all such other and further relief as may be proper and just.

Respectfully submitted,

**HSBC BANK USA, NATIONAL ASSOCIATION**, *not in its own right, but solely as Indenture Trustee under that certain Indenture dated June 1, 2007, as the same may be amended from time to time, for the benefit of the Indenture Trustee and holders of the Business Loan Express Business Loan-Backed Notes, Series 2007-A, as their interests may appear,*

By counsel,

W. Bradley Sorrells (WV 4991)
Robinson & McElwee PLLC
Post Office Box 1791
Charleston, WV 25326
(304) 344-5800