IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**HSBC BANK USA, NATIONAL ASSOCIATION**,
As Indenture Trustee under that certain Indenture
dated June 1, 2007, for the benefit of the Indenture
Trustee and holders of the Business Loan Express
Business Loan-Backed Notes, Series 2007-A, as
their interests may appear,

    **Plaintiff,**

v.                                          Case No.:  3:12-cv-00668

**RON RESH and VALARIE REYNOLDS-RESH,**
Individually and as Trustees of the Resh Living
Trust and the Valarie Reynolds-Resh Living Trust,

    **Defendants; Counter Plaintiffs;**
    **and Third-Party Plaintiffs,**

v.

**REALTY CONCEPTS, LTD.; ANDREW BROSNAC;
COLLIERS INTERNATIONAL VALUATION &
ADVISORY SERVICES, LLC; PHILIP STEFFEN;
LAWYER'S TITLE INSURANCE CORPORATION;
and HELEN SULLIVAN,**

    **Third-Party Defendants.**

### MEMORANDUM OPINION AND ORDER

      Pending before the Court is Defendants/Third-Party Plaintiffs' Motion for an Award of Reasonable Fees made in conjunction with their motion to compel discovery responses from Third-Party Defendant Realty Concepts, LTD. (ECF No. 110). Defendants filed an affidavit and memorandum in support of an award of attorneys' fees, (ECF Nos. 154, 155, 156), and Realty Concepts has filed a

- 1 -

memorandum in opposition to the request for fees. (ECF No. 166). Therefore, the matter has been fully briefed and is ready for resolution. Having considered the positions of the parties, the Court finds that Defendants are entitled to an award of reasonable fees pursuant to Federal Rule of Civil Procedure 37(a)(5). For the reasons that follow, the Court **GRANTS** the motion and **ORDERS** Third-Party Defendant Realty Concepts, Inc. to pay Defendants/Third-Party Plaintiffs, or their lawyers, the sum of **Four Thousand Two Hundred Ninety Seven Dollars ($4,297)** within thirty days of the date of this Order.

## I. Relevant History

This action arises from the alleged failure of Defendants/Third-Party Plaintiffs ("the Reshes") to fulfill their obligations under certain notes used to finance the purchase of commercial real estate in West Virginia. On August 2, 2012, the Reshes filed a Third-Party Complaint against Third-Party Defendant, Realty Concepts, Inc. ("Realty Concepts"), alleging that it conspired with others to defraud the Reshes in the real estate transactions. On November 5, 2012, the Reshes served their first set of discovery on Realty Concepts.

After agreeing to an extension of time, the Reshes received Realty Concepts's responses on January 2, 2013, followed with a document production on January 7, 2013. Twenty-three days later, the Reshes notified Realty Concepts by letter that the discovery responses were inadequate. The Reshes outlined their problems with responses and demanded supplemental answers by February 1, 2013. The letter indicated that unless the responses were forthcoming, the Reshes would file a motion to compel.

Upon receipt of the letter, counsel for Realty Concepts began to exchange emails with counsel for the Reshes to determine if the disagreement could be resolved. The parties could not agree; accordingly, the Reshes filed a motion to compel on February 1, 2013. Realty Concepts filed a response to the motion to compel, arguing that its discovery answers were complete and compliant with federal discovery law. On February 26, 2013, the undersigned entered an Order partially granting the Reshes's motion to compel. The Court ordered Realty Concepts to provide responses to some of the outstanding requests, overruled all of its general objections to discovery, and set a hearing to address the remaining issues. Thereafter, the parties continued to negotiate a resolution of their differences and finally met and conferred on March 6, 2013. According to Realty Concepts, this meet and confer session resolved the parties' disagreements. Subsequently, the parties twice requested and received from the Court a continuance of the scheduled hearing to allow Realty Concepts time to produce the materials that it had agreed to provide. The hearing was ultimately set to take place on April 29, 2013,

On April 9, 2013, Realty Concepts produced several hundreds of pages of documents. On April 24, 2013, counsel for Realty Concepts sent an email to counsel for the Reshes, asking whether the discovery issues were resolved and inquiring about the need for a hearing. Realty Concepts supplied additional documents the following day and on April 26, 2013 notified the Reshes that more documents had been located and would be produced the following week. At the time of the hearing, the parties were generally in agreement as to what discovery remained outstanding. However, the Reshes requested an order placing a ten-day time limit on production of the remaining documents, arguing that they had waited long enough to receive the

documents, were facing deadlines under the Scheduling Order, and needed "closure" on the discovery issue. Realty Concepts agreed to produce the documents within ten (10) days.

## II.  Positions of the Parties

The Reshes argue that they are entitled to an award of reasonable fees and costs incurred in bringing the motion to compel because the motion was necessary to procure the requested discovery and they substantially prevailed. Consequently, Rule 37(a)(5) mandates that such an award be ordered. The Reshes supply an itemized affidavit setting forth the time claimed to have been incurred by the three lawyers and one paralegal who worked on the issue. They request reimbursement of the attorneys' work at hourly rates of $395, $175, $120 and of the paralegal's time at $100 per hour.

In response, Realty Concepts contends that an award of reasonable fees and costs is not appropriate for four reasons. First, the Reshes never asked for an award of fees in the motion to compel and only raised the subject of fees after all of the discovery disputes had been resolved. Because the Reshes did not seek reimbursement as part of the motion to compel, the issue is not properly before the Court.

Second, in Realty Concepts's view, the Reshes failed to make a good faith effort to resolve the discovery dispute before filing the motion to compel. Pointing to both Federal Rule of Civil Procedure 37(a)(5)(A)(i) and Local Rule of Civil Procedure 37.1(b), Realty Concepts argue that the Reshes should have arranged a "meet and confer" instead of simply sending a letter threatening to file a motion in two-days time if their demands were not fully satisfied.

Next, Realty Concepts asserts that its objections were justified because the

discovery requests were overly broad. None of the requests were limited in time and many of them required Realty Concepts to review documents from thousands of transactions, most of which were unrelated to the issues in dispute. According to Realty Concepts, during the meet and confer, the Reshes acquiesced to many of Realty Concepts's objections, resulting in much more reasonable discovery requests.

Finally, Realty Concepts claims that an award of fees in this case would be unjust given that no remaining disputes existed at the time of the hearing. The parties had agreed on the scope of discovery, and Realty Concepts had supplied records in reliance upon that agreement. As new records were located, Realty Concepts supplemented its responses by providing the documents. Realty Concepts argues that the hearing was unnecessary and was nothing more than a "masquerade" to allow the Reshes to seek reimbursement of attorneys' fees.

In addition to disputing the propriety of awarding attorneys' fees, Realty Concepts objects to the amount requested by the Reshes. Realty Concepts contends that many of the hours included in the affidavit are redundant, excessive, or clearly not recoverable. Emphasizing the requirement that fee requests be reasonable, Realty Concepts identifies time entries that allegedly reflect duplicate efforts, or work on matters unrelated to the motion to compel, or work that would have been performed regardless of the motion to compel. Realty Concepts suggests that the fees requested should be substantially discounted based on the fact that the Reshes were only partially successful on the motion to compel.

## III.   Discussion

### A.   Propriety of An Award of Reasonable Fees

Federal Rule of Civil Procedure 37(a)(5)(A) states as follows:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

(emphasis added). Thus, if a motion to compel is granted, the Rule explicitly mandates an award of reasonable expenses unless one of the three exceptions applies to the situation. Contrary to Realty Concepts's position, the Rule does not require the moving party to request reasonable fees contemporaneously with a motion to compel. Rather, the Rule directs the Court to consider an award of reasonable fees whenever a motion to compel is granted. Here, the Court granted the Reshes' motion to compel; initially, the Court granted a portion of the relief requested, ordering that some discovery be answered fully and completely and overruling all of Realty Concepts's improper general objections. Later, after the hearing, the Court granted the entirety of the remaining relief sought by the Reshes. Therefore, an award of reasonable expenses should be considered.

Realty Concepts also contends that if an award of fees is granted, it should be reduced given that the Reshes abandoned some of their demands during the meet and confer session. This argument is misplaced. At no time did the Court grant, in part, and deny, in part, the motion to compel. Accordingly, Realty Concepts did not succeed on any issue addressed by the Court. The fact that the parties were able to compromise on some of their disputes does not trigger the apportionment option available under Rule 37(a)(5)(C).

- 6 -

Nonetheless, the Court does agree with Realty Concepts that the Reshes did not comply with the spirit of Federal Rule of Civil Procedure 37(a)(1) or the explicit language of Local Rule 37.1(b) when they filed a motion to compel without first conducting a meet and confer session. Sending a letter more than three weeks after receiving the responses, which gives the adverse party little time and opportunity to address the disagreement, is insufficient to fulfill the meet and confer requirement. However, under the facts of this particular case, the Court does not find that the Reshes' failure entitles Realty Concepts to entirely avoid an award of fees. While it is true that the Reshes filed the motion somewhat prematurely, they subsequently met and conferred with Realty Concepts and put forth a good faith effort to resolve the dispute without judicial intervention. Despite making this effort, the Reshes were still waiting for a final production of documents at the time of the hearing. Thus, filing a motion to compel was the proper procedure at that point. The Court disagrees with Realty Concepts's contention that the hearing was merely a ruse. Put simply, the hearing was necessary because the Reshes doubted Realty Concepts's good faith compliance with the discovery rules. As counsel for the Reshes explained at the hearing, Realty Concepts's document production had been inexplicably prolonged and sporadic, leaving counsel to question whether Realty Concepts had conducted a reasonable search for documents, and whether all responsive material would be produced in a timely manner. The Reshes' desire to bring the document production process to a discernible close was certainly a legitimate reason for proceeding with the hearing.

Taking these factors into consideration, the undersigned finds that the exception for failure to make a good faith effort to obtain the discovery before filing a

motion to compel does not preclude an award in this case. Nevertheless, the undersigned concurs with Realty Concepts that fees should not be awarded for the time spent by the Reshes negotiating a compromise, since that activity should have preceded the motion to compel. Consequently, the Court has deducted from the award all entries for time spent by counsel before January 31, 2013 and between February 26, 2013 and March 6, 2013, as those entries reflect work that would normally have occurred as part of pre-motion meet and confer sessions.

Turning to the second exception contained in Rule 37(a)(5)(A)(ii), Realty Concepts contends that fees should not be awarded because its objections were justified. Nothing could be further from the truth. A cursory review of the responses attached to the Reshes' motion to compel reveals that every response challenged in the motion was answered with general objections. The law in this district, as in most districts throughout the country, is well-settled and crystal clear; general objections, without more, are inappropriate. In addition to the general objections that prefaced every answer, Realty Concepts lodged additional objections to ***every*** request, even those that sought clearly permissible material, such as information regarding applicable insurance agreements. Moreover, many of the responses invoked the attorney-client privilege, work product doctrine, or "other applicable privilege or protection" without an accompanying privilege log. Some of the answers were evasive, some were argumentative, and some were so bogged down with nonspecific, boilerplate ramblings, it was difficult to discern whether any substantive information, or legitimate objection, was buried within the jumble of words.

The Court also disagrees with Realty Concepts's position that an award of fees is unjust. The Reshes allowed Realty Concepts a substantial amount of time to

produce the requested discovery; certainly, much more time than anticipated by the Rules of Civil Procedure. Yet, even at the time of the hearing, which was five months after the requests had been filed, relevant documents were still unproduced. Rule 37(a)(5)(A) does not require a showing of bad faith on the part of the compelled party to justify an award of expenses. As the undersigned stated at the hearing, it appears as though counsel for Realty Concepts acted responsibly in attempting to resolve the discovery disagreements. In fact, all counsel expended considerable energy in working out the issues. Still, it cannot be ignored that Realty Concepts's production of relevant material was unacceptably protracted. Therefore, circumstances do not exist that would make an award of expenses unjust.

### B.     Calculation of Award

Having concluded that an award of reasonable fees and expenses is appropriate, the undersigned turns to the issue of determining the amount of the award. When calculating an award of reasonable fees and costs pursuant to Fed. R. Civ. P. 37(a)(5), the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009), citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has identified twelve factors to consider when making this determination, including the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of

> the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)).

Beginning with the hourly rate, the Court notes that the Reshes are represented by an associate attorney, as well as two experienced litigators, all of whom participated in the motion to compel. According to the affidavit filed by counsel for the Reshes, the supervising partner, Mr. Lau, and local counsel, Mr. Ramey, each have been practicing law twenty five years or more. According to Mr. Lau, he practices commercial litigation and has represented the Reshes in the past. Both Mr. Ramey and Mr. Lau are admitted to practice before the Court in this case. Mr. Ramey is a well-respected attorney in the State affiliated with a well-known law firm. Although few facts are provided regarding the associate attorney assisting on the case, Mr. Lau explains that he is primarily responsible for the litigation, and he undoubtedly oversees the acts of the associate. Realty Concepts does not attack the credentials or licensure of the attorneys, and the Court has no information to suggest that their skills fall short of comparable attorneys practicing in this district.

Still, the discovery disputes in this case are not novel; rather, they are matters routinely faced by general litigators. Therefore, a reasonable hourly rate would be one consistent with the market rate of a general litigator practicing within the Southern District of West Virginia. *See Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990). The duty to provide evidence of the prevailing hourly rate rests with the party seeking an award of fees. *Id.* Here, the Reshes do not provide evidence of prevailing hourly rates.

On the other hand, Realty Concepts does not object to the rates set forth in the affidavit. Thus, the undersigned will look to other fees awarded in the Southern District of West Virginia to assess the reasonableness of these hourly rates. In March 2013, District Judge Thomas E. Johnston determined that hourly rates of $375, $175, and $160 were appropriate in a predatory lending case.[1] In March 2011, District Judge Joseph R. Goodwin accepted the hourly rates of $190 and $175 requested by the attorneys of the prevailing party, based upon the affidavits of three local attorneys uninvolved in the litigation, who commented on the prevailing market rate, as well as recent awards in comparable cases.[2] In February 2011, Chief District Judge Robert C. Chambers determined that an hourly rate of $225 was appropriate in an ERISA action in view of the attorney's limited length of practice (six years) and his lack of experience in ERISA disputes (this was his first such case).[3] In January 2011, District Judge John T. Copenhaver, Jr. approved, as reasonable, hourly rates of $350, $335, and $215 in an environmental protection action, commenting on the specialized experience of the attorneys and the expertise required by the nature of the case.[4] In June 2010, Judge Chambers found hourly rates of $350, $275, and $175 to be reasonable in a predatory lending case, in part due to the specialized experience of the attorneys and in part due to prior fee awards in similar cases involving the same

---

[1] *Koontz v. Wells Fargo N.A.,* 2013 WL 1337260 (S.D.W.Va. March 29, 2013).

[2] *Stalnaker v. Fidelity and Deposit Company of Maryland,* 2011 WL 1113407 (S.D.W.Va. Mar. 25, 2011).

[3] *Frye v. Metropolitan Life Insurance Company,* 2011 WL 466686 (S.D.W.Va., Feb. 4, 2011).

[4] *West Virginia Highlands Conservancy, Inc. et al. v. Huffman,* 2011 WL 90163 (S.D.W.Va., Jan. 10, 2011).

attorneys.[5] In March 2010, Magistrate Judge R. Clarke Vandervort found an hourly rate of $225 to be reasonable in an action brought under the United Services Employment and Reemployment Rights Act of 1994 ("USERRA") after considering the affidavits of two local attorneys, who stated that the hourly rate typically charged by attorneys in this type of litigation ranged between $200 and $300.[6]

Considering these awards, counsel's level of skill and experience, and the novelty of the issues, the Court finds the hourly rates of $170 and $120 for attorneys and $100 for paralegals to be appropriate. In regard to Mr. Ramey's hourly rate of $395, the Court finds that rate to be excessive for the type of work performed by Mr. Ramey in this matter. Taking into account the other fees, Mr. Ramey's qualifications and length of practice, and noting that his role in this matter is local counsel, the Court finds an hourly rate of $250 to be within the reasonable range.

Having determined the reasonable hourly rates in this case, the Court must examine the reasonableness of the number of hours expended on the Motion to Compel. "When reviewing a fee petition, the Court must exclude any hours that are excessive, redundant, or otherwise unnecessary." *Allen v. Monsanto Company,* 2007 WL 1859046 at *2 (S.D.W.Va., June 26, 2007) (citing *Hensley y v. Eckerhart,* 461 U.S. 424, 434, 103 .Ct. 1933, 76 L.Ed.2d 40 (1983)). "Counsel for a prevailing party has a duty to exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice

---

[5] *Watkins v. Wells Fargo Home Mortgage,* 2010 WL 2486247 (S.D.W.Va., Jan 15, 2010). Judge Chambers noted that in June 2006 the Court had awarded fees to the same lawyers based upon hourly rates of $300 and $225, and the Circuit Court of Roane County, West Virginia had approved their requested hourly rates of $400 and $300 in October 2009.

[6] *Mills v. East Gulf Coal Preparation Company, LLC,* 2010 WL 1050359 (S.D.W.Va.). Magistrate Judge Vandervort also noted that this hourly rate was at the high end of reasonable in the Beckley legal community.

ethically is obligated to exclude such hours from his fee submission. . .'" *Daly v. Hill,* 790 F.2d 1071, 1079 (4th Cir. 1986) (quoting *Hensley,* 461 U.S. at 434)).

The itemization provided by the Reshes' counsel indicates that the associate attorney at Mr. Lau's firm spent 10.5 hours between January 31, 2013 and February 22, 2013 working on the motion to compel, supporting memorandum, and reply brief; Mr. Lau spent .9 hours during that time period on revision of the briefs; and Mr. Ramey spent 1 hour on the documents. In addition, the associate spent 2.8 hours dealing with continuances of the hearing, and Mr. Lau spent .4 hours. Mr. Ramey spent 2.5 hours related to the hearing and continuances, as well as approximately 2.7 hours driving to and from the courthouse and attending the hearing. The undersigned finds this time to be reasonable. Time spent by counsel reviewing documents produced by Realty Concepts, discussing the documents with adverse counsel, and completing other tasks unrelated to the motion to compel are not reasonable and have been deducted.

Next, Mr. Lau's associate spent 2.9 hours planning and preparing for the motion for reasonable fees. Since the Court does not understand what work activity was involved in planning and preparing, those entries will be deducted. The remaining time spent on the issue of reasonable expenses includes 8.9 associate hours and 3.3 paralegal hours drafting the fee affidavit and memorandum in support of an award. Considering the detail included in the affidavit, the paralegal time seems appropriate. However, the supporting memorandum was only four and half pages long with minimal legal citation and argument. Accordingly, the Court finds that an assessment of 5 hours of associate time is reasonable for drafting the memorandum and revising the affidavit.

In summary, the Reshes are entitled to reimbursement of reasonable fees as follows: 18.3 hours of associate time at $120 per hour; 1.3 hours of Mr. Lau's time at $170 per hour; 6.2 hours of Mr. Ramey's time at $250 per hour; and 3.3 hours of paralegal time at $100 per hour for a total award of **Four Thousand Two Hundred Ninety Seven Dollars ($4,297).**

The Clerk is instructed to provide a copy of this order to counsel of record.

**ENTERED:** May 20, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge