IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HSBC BANK USA,
NATIONAL ASSOCIATION,

         Plaintiff,

v.              CIVIL ACTION NO. 3:12-cv-00668

RON RESH and
VALERIE REYNOLDS-RESH,

         Defendants; Counter Claimants;
         and Third Party Plaintiffs,

v.

REALTY CONCEPTS, LTD; ANDREW
BROSNAC; COLLIERS INTERNATIONAL
VALUATION & ADVISORY SERVICES, LLC;
PHILIP STEFFEN; LAWYER'S TITLE
INSURANCE CORPORATION; and HELEN
SULLIVAN,

         Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**

   Pending before the Court is a motion (ECF No. 193) by Third Party Defendants Colliers International Valuation & Advisory Services, LLC ("Colliers"), and Philip Steffen[1] to amend their respective answers to the Third Party Complaint. For the reasons explained below, the Court **GRANTS** the motion to amend.

         I.   Statement of Facts

---

[1] Mr. Steffen was an employee of PGP Valuation, Inc., and is a currently employee of Colliers. ECF No. 193 ¶ 4.

HSBC Bank USA, National Association ("HSBC Bank") commenced the instant litigation by filing a Complaint against Third Party Plaintiffs Ron Resh and Valerie Reynolds-Resh ("the Reshes"), seeking over $2.6 million in unpaid principal due on three promissory notes executed by Third Party Plaintiffs, as well as interest, costs, fees, and expenses. The Reshes executed the notes in order to purchase three commercial properties containing "Jiffy Lube" franchises.

The Reshes subsequently filed an amended answer, affirmative defenses, and third party complaint collectively as one document, alleging that property appraisals conducted before purchase fraudulently over-valued the properties. ECF No. 20 ("Third Party Complaint"). This Third Party Complaint asserts claims against Colliers and Mr. Steffen, in addition to other parties. Colliers and Mr. Steffen filed a motion to dismiss the Third Party Complaint, ECF No. 37, which this Court granted in part, ECF No. 109. Colliers and Mr. Steffen thereafter filed separate answers to the Third Party Complaint. ECF Nos. 122, 123.

Colliers and Mr. Steffen filed the pending motion to amend their answers on July 30, 2013, requesting leave to do so for the following reason:

> [Colliers and Mr. Steffen move to amend] in order to assert the Affirmative Defenses of accord and satisfaction, payment and release and to assert Counterclaims against Ron Resh and Valarie Reynolds-Resh, individually and in their capacities as Trustees, for breach of a settlement agreement (breach of contract) and for breach of the duty of good faith and fair dealing implied in all contracts.

ECF No. 193 at 2 (hereinafter "Mot."). In support of their motion, Colliers and Mr. Steffen state that in December 2010, the Reshes signed a contract with PGP Valuation, Inc., in which "the Reshes released all of their claims, known or unknown, against PGP and its employees, officers, successors and assigns, among others." Mot. ¶ 1. This contact is included as an exhibit to the

motion to amend. Settlement Agreement and Mutual Release, Dec. 2, 2010, Ex. A, ECF No. 193 (hereinafter "Release"). Colliers represents that it is a successor of PGP Valuation, Inc., Mot. ¶ 3, and the Reshes do not dispute this assertion. Colliers and Mr. Steffen assert that they first learned about the Release during discovery on or about June 18, 2013. Mot. ¶ 10. On June 19, 2013, they notified the Reshes of its existence and asked the Reshes to dismiss claims asserted against Colliers and Mr. Steffen based on the language of the Release. Mot. ¶¶ 10, 11. The Reshes refused on July 8, 2013. Mot. ¶ 12. Colliers and Mr. Steffen then sought written consent to amend on July 11, 2013, which the Reshes refused on July 26, 2013. Mot. ¶ 13. Colliers and Mr. Steffen filed the pending motion to amend a few days later, on July 30, 2013.

The Reshes filed a response in opposition to the motion to amend, arguing that Colliers and Mr. Steffen did not exercise diligence, that the amendment would cause prejudice, and that the amendment would be futile. ECF No. 201 (hereinafter "Resp."). Colliers and Mr. Steffen filed a reply. ECF No. 207 (hereinafter "Reply"). The motion to amend is now ripe for resolution.

## II. Standard of Review

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." As this Court explained in *Stewart v. Coyne Textile Services*, "a motion to amend the complaint, filed after the deadline established in the scheduling order, must satisfy the

3

tests of both Rule 16(b) and Rule 15(a)" in order to be granted. 212 F.R.D. 494, 496 (S.D. W. Va. 2003).

As the Supreme Court has explained in discussing Rule 15(a), "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In contrast, Rule 16(b)'s "good cause" standard focuses on the diligence of the moving party. *Stewart*, 212 F.R.D. at 496-97 (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995) (quotation omitted)). Rule 16(b) provides a higher hurdle for movants, and the Fourth Circuit affirms that this higher standard applies when the deadline to amend has expired. *Branch Banking & Trust Co. v. First Am. Title Ins. Co.*, No. 5:11-CV-00473, 2013 WL 85342, at *2 (S.D. W. Va. Jan. 7, 2013) (slip copy) (citing *Nourison Rug Corp. v. Parvizian,* 535 F.3d 295, 298 (4th Cir. 2008), among other cases). Again, "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." 2013 WL 85342, at *2 (quoting *Montgomery v. Anne Arundel Cnty.,* 182 Fed. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished decision)).

### III. Discussion

First, the Court clarifies that Rule 15(a)(2)'s standard *and* Rule 16(b)'s "good cause" standard apply in the instant case. Colliers and Mr. Steffen suggest that amendment of their answers would not constitute an amendment of the scheduling order—and therefore not trigger

Rule 16—because "[t]he current scheduling order in effect does not contain any deadline for amendment of pleadings." Reply ¶ 8. An earlier scheduling order, however, did establish a September 19, 2012, deadline for amending pleadings. ECF No. 21 ¶ 1. Subsequent amended scheduling orders were filed after that deadline passed and so it was not necessary for those orders to discuss a deadline for amendment. ECF Nos. 67, 176. Therefore, this Court believes the sounder approach is to apply Rule 16(b)'s "good cause" standard here in addition to Rule 15(a)(2)'s standard.

This is the first amendment that Colliers and Mr. Steffen have sought. The Reshes argue that Colliers and Mr. Steffen have not acted with due diligence in seeking amendment, faulting Colliers and Mr. Steffen for not seeking amendment until July 30, 2013, over two and a half years after the Release was signed in December 2010. However, Colliers and Mr. Steffen were not parties to the Release and represent that they did not discover the Release until June 2013. Furthermore, Colliers and Mr. Steffen outline the steps they promptly took after discovering the Release to seek dismissal and amendment. The Reshes fault Colliers and Mr. Steffen for providing no "explanation of the circumstances" in which they finally found the Release, Resp. ¶ 9, suggesting that Colliers and Mr. Steffen should have been aware of the Release much sooner. The Court, however, is satisfied that Colliers and Mr. Steffen acted in good faith and with due diligence and sought amendment at the soonest opportunity possible,

Colliers and Mr. Steffen argue that no prejudice will result from the amendment because discovery is set to continue until December 2013 and no parties to the Release have yet been deposed. Additionally, they state that there will be no need to extend any deadlines in this matter. The Reshes counter that they have already engaged in much discovery and served discovery

5

related to Colliers and Mr. Steffen; also, some depositions have already been conducted. Additionally, the Reshes argue that the Release involves new issues not previously covered in this case.

In their response opposing amendment, the Reshes also cite at length from *Georgia Pacific Consumer Products, LP v. Von Drehle Corporation*, 710 F.3d 527, 536 (4th Cir. 2013). In that case, the defendant von Drehle Corporation moved to amend its answer in November 2010 to assert the affirmative defenses of issue and claim preclusion, based on a judgment entered in a separate case in July 2009. The district court denied the motion to amend as untimely and because it would prejudice the nonmoving party. After a trial which resulted in a verdict against von Drehle, von Drehle filed a motion again asking to be able to assert the affirmative defenses of claim and issue preclusion. This time, the district court allowed von Drehle to assert these affirmative defenses; it then vacated the trial judgment and entered judgment as a matter of law for von Drehle because of this preclusion. The Fourth Circuit found that the district court's decision to vacate was in error partly because "von Drehle waived the preclusion defenses by failing to assert them in a timely manner." *Id.* at 529.

This Court finds that *Georgia Pacific* is distinguishable from the instant case. First, von Drehle's counsel was present at the trial which resulted in the July 2009 judgment; therefore, von Drehl had knowledge of that July 2009 judgment when it happened, and yet for whatever reason did not file a motion to amend based on that judgment until over a year later. In contrast, the Release in this case was signed in December 2010, but Colliers and Mr. Steffen were not aware of it until June 2013; upon discovering the Release, Colliers and Mr. Steffen immediately sought voluntary dismissal and leave to amend. Therefore, it appears that Colliers and Mr. Steffen

6

sought to raise these new claims as soon as possible. *Compare with Georgia Pac.,* 710 F.3d at 534 (noting that "von Drehle did not raise its preclusion defenses 'at the first reasonable opportunity,' [*Aetna Cas. & Sur. Co. v. Gen. Dynamics Corp.,* 968 F.2d 707, 711 (8th Cir. 1992)], much less at the 'earliest possible moment,' [*Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir. 1983)]; [*Home Depot, Inc. v. Guste,* 773 F.2d 616, 620 n.4 (5th Cir. 1985)].").

Second, discovery had proceeded to a much more significant degree in *Georgia Pacific* when the motion to amend was made compared to the instant case. The first motion to amend in *Georgia Pacific* was made well over a year after the district court decided cross-motions for summary judgment, at a time when the "matter [was] finally ready for trial." *Id.* at 531 (quoting the district court's March 2011 order denying the first motion to amend). The post-trial motion to amend clearly occurred after discovery was long completed. Here, however, discovery will continue for many more months. The parties will have ample opportunity to engage in discovery to cover issues pertaining to the Release. Therefore, the Court does not find that the pending motion to amend will cause undue prejudice.

The Reshes also suggest that amendment is futile because the Release is limited in scope to the Ohio litigation from which it stemmed. Resp. ¶ 34. However, a full reading of the Release suggests that the agreement was not so limited:

> Plaintiffs . . . do hereby unconditionally release . . . PGP, [and] its . . . successors and assigns . . . of any and all claims, demands, actions, causes of action, suits, costs, damages, lawsuits, compensation, penalties, liabilities and/or obligations of any kind or nature whatsoever, whether now known or not known or hereinafter discovered, which the Plaintiff Releasors have, could have had or may have against any or all of the PGP Releasees, from the beginning of time to the date hereof.").

7

Release ¶ 3. This district has held that a proposed amendment is futile if it is "unable to survive a motion for summary judgment." *Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460, 462 (S.D. W. Va. 2001) (citations omitted). Another district in this circuit has held that an amendment is futile if it does not survive Rule 12(b)(6), which is a less onerous standard. *Schieszler v. Ferrum Coll.*, 233 F. Supp. 2d 796, 805 (W.D. Va. 2002). Regardless, this Court finds that the claims based on the proposed amendment would, at this stage, survive a motion for summary judgment because Colliers and Mr. Steffen have created an issue of material fact concerning whether the Release prohibits the Reshes's claims against Colliers and Mr. Steffen.

Based on the discussion above, the Court finds that the interests of justice favor amendment in this case, and that there is good cause for amendment.[2] Amendment will not cause undue prejudice to the Reshes, and the amendment is not futile. Colliers and Mr. Steffen have acted with due diligence in seeking amendment and have not acted in bad faith.

### Conclusion

For the reasons stated above, the motion to amend (ECF No. 193) is **GRANTED.** The Court accordingly **DIRECTS** the Clerk to file the amended answers of Colliers and Mr. Steffen.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 10, 2013

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

[2] Because the Court is resolving the motion on the grounds outlined above, it need not discuss what effect—if any—the reservation of the right to assert additional affirmative defenses has on the ability to amend the answers.