IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**HSBC BANK USA, NATIONAL ASSOCIATION**, As Indenture Trustee under that certain Indenture dated June 1, 2007, for the benefit of the Indenture Trustee and holders of the Business Loan Express Business Loan-Backed Notes, Series 2007-A, as their interests may appear,

    **Plaintiff,**

v.                                                       Case No.:  3:12-cv-00668

**RON RESH and VALARIE REYNOLDS-RESH,** Individually and as Trustees of the Resh Living Trust and the Valarie Reynolds-Resh Living Trust,

    **Defendants; Counter Plaintiffs; and Third-Party Plaintiffs,**

v.

**REALTY CONCEPTS, LTD.; ANDREW BROSNAC; COLLIERS INTERNATIONAL VALUATION & ADVISORY SERVICES, LLC; PHILIP STEFFEN; LAWYER'S TITLE INSURANCE CORPORATION; and HELEN SULLIVAN,**

    **Third-Party Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for Protective Order of Third-Party Defendants Colliers International Valuation & Advisory Services, LLC ("Colliers") and Philip Steffen ("Steffen"). (ECF No. 261). Third-Party Plaintiffs (the "Reshes")

1

have filed a response in opposition to the motion, (ECF No. 265), and Third-Party Defendants have replied. (ECF No. 274). The issues have been fully briefed and are clear; accordingly, the matter is ready for disposition without need for oral argument. For the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, the motion for protective order.

### Relevant Facts

Colliers and Steffen have filed a motion for summary judgment herein, alleging that a December 2010 settlement agreement signed by the Reshes in a separate civil action that was pending in Ohio releases Colliers and Steffen from all liability in this action. (ECF No. 235). The Reshes have responded to the motion, arguing that genuine issues of material fact preclude summary judgment. (ECF No. 241). In addition, counsel for the Reshes filed an affidavit pursuant to Fed.R.Civ.P. 56(d) in which he asserts that additional discovery is necessary for the Reshes to fully oppose the motion for summary judgment. (ECF No. 241-1).

Shortly after responding to the motion for summary judgment, the Reshes filed written discovery requests upon Colliers and Steffen, which are the subject of this motion. Colliers and Steffen ask the Court to stay their responses to the discovery requests until a ruling has been issued on their dispositive motion, or in the alternative, to delay the filing of their answers until sixty days before the discovery deadline in the event the Court has not yet ruled on the pending dispositive motion. According to Colliers and Steffen, the motion raises a purely legal issue, and if the motion is granted, all claims against Colliers and Steffen will be dismissed, making the written discovery against them unnecessary. Thus, Colliers and Steffen seek a protective order on the basis that responding to the

discovery requests at this juncture in the civil action is unduly burdensome, oppressive, and annoying.

**Relevant Standards**

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. "While the Federal Rules of Civil Procedure do not define 'relevant information,' the Federal Rules of Evidence define it as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Boykin Anchor Co., Inc. v. Wong* 2011 WL 5599283 at * 2 (E.D.N.C. November 17, 2011), *citing United Oil Co., v. Parts Assocs., Inc,* 227 F.R.D. 404. 409 (D.Md. 2005). Still, admissibility under the Federal Rules of Evidence is not the guideline for relevancy in the context of discovery. Relevancy in discovery is broad in scope, because "[d]iscovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." *King v. Conde,* 121 F.R.D. 180, 194 (E.D.N.Y. 1988); *see, also, Caton v. Green Tree Services, LLC,* 2007 WL 2220281 (N.D.W.Va.) (the "test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence."); *Carr v. Double T Diner,* 272 F.R.D.431, 433 (D.Md.) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). For purposes of discovery, then, information is relevant, and thus discoverable, if it '"bears on, or … reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and

3

discovery are determined ... [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.' Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes. Therefore, courts broadly construe relevancy in the context of discovery." *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 199 (N.D.W.Va. 2000) (internal citations omitted).

Discovery that seeks relevant information may nevertheless be restricted or prohibited if necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Likewise, on motion or *sua sponte,* the court may limit the frequency and extent of discovery when the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The party opposing discovery has the obligation to submit evidence supporting its claim that the requests are unduly burdensome, oppressive, or improperly invasive. To prevail on the grounds of burdensomeness or breadth, the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D.Kan. 2005) (the party opposing discovery on the ground of burdensomeness

must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D. Fla.2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").

Generally speaking, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Nevertheless, a party "cannot simply demand discovery for the sake of discovery." *Young v. UPS,* No. DKC–08–2586, 2011 WL 665321, at *20 (D.Md. Feb. 14, 2011). Instead, discovery under Rule 56(d) must be directed at filling "material evidentiary gaps," and not at gathering information that would not by itself create a genuine issue of material fact sufficient to defeat summary judgment. *Muir v. Applied Integrated Technologies, Inc.,* Civ. Action No. DKC 13–0808, 2013 WL 6200178 (D.Md. Nov. 26, 2013) (citations omitted).

### Discussion

Here, Colliers and Steffen have filed a motion for summary judgment based upon a 2010 settlement agreement. If the Court determines that the settlement agreement applies to the claims in this case and serves to release Colliers and Steffen from liability under the Third-Party Complaint, the matter will end for

5

them. On the other hand, if the Court finds that the settlement agreement does not apply to the claims in this action, or does not inure to the benefit of Colliers and Steffen, the Third-Party Plaintiffs will be entitled to responses to all of the discovery requests they have asserted against Colliers and Steffen.

The undersigned has examined the settlement agreement and, at a minimum, concludes that its applicability to Colliers and Steffen is not crystal clear as neither Colliers, nor Steffen is identified by name in the release. Accordingly, the Reshes may conduct discovery necessary to oppose the motion for summary judgment. Nonetheless, the undersigned has reviewed the written discovery requests propounded by the Reshes and notes that many of them are directed to their underlying claims, rather than the matter of the settlement agreement. Although Colliers and Steffen fail to provide evidence supporting their assertions that the Reshes' discovery requests are unduly burdensome, oppressive, and annoying, the undersigned acknowledges that any effort expended on answering discovery requests that are rendered irrelevant by summary judgment may be considered unduly burdensome. Therefore, taking into account that the written discovery relating to the underlying claims is unnecessary if Colliers and Steffen are dismissed as a matter of law, and given that the deadline for filing written discovery does not expire until April 11, 2014, and the deadline for the completion of discovery is May 28, 2014, the undersigned finds that Colliers and Steffen should be granted the alternative relief they request in their motion for protective order. Accordingly, the Court **GRANTS**, in part, and **DENIES**, in part, the motion and **ORDERS** as follows:

1. Within **ten (10) days** of the date of this order, Colliers shall respond to Request Nos. 16, 17, 18, and 19 of the Reshes' second request for production of documents;

2. Within **ten (10) days** of the date of this order, Steffen shall respond to Request Nos. 16, 17, and 18 of the Reshes' second request for production of documents; and

3. Responses to the remaining document requests shall not be due until **sixty (60) days** prior to the discovery deadline if the Court does not rule on the summary judgment motion before February 11, 2014.

In their motion, Colliers and Steffen also ask the Court to protect them from "having to engage in additional discovery with the Reshes, including producing witnesses for deposition regarding the Reshes' Third-Party claims, while Colliers' and Steffen's Motion for Summary Judgment [ECF No. 235] is pending." (ECF 261 at 2). However, Colliers and Steffen do not point to a specific notice of deposition, nor do they provide any focused argument. To the extent that Colliers and Steffen seek a blanket order that essentially stays all discovery against them, the undersigned declines to issue or recommend such a ruling. The fact that Colliers and Steffen have a motion for summary judgment pending, by itself, is not a reason to stay discovery. This is particularly true when considering that a favorable ruling on the motion will not dispose of all matters in controversy. Even if Colliers and Steffen are granted summary judgment, their deposition testimony may still be relevant to remaining issues in the case. Put simply, Colliers and Steffen have not formally sought or supported a stay of all discovery, nor have they provided a factual basis upon which the undersigned can conclude that if they are dismissed,

they will have no information of relevance to the other parties' claims and defenses. Therefore, to the extent Colliers and Steffen seek an order prohibiting the taking of any deposition involving them or their witnesses, the Court **DENIES** same. Colliers and Steffen are free to file additional motions for protective order pertinent to specific depositions or deposition topics if they cannot resolve their concerns by meeting and conferring with the other parties.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** January 21, 2014.

_____
Cheryl A. Eifert
United States Magistrate Judge