IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**


HSBC BANK USA,
NATIONAL ASSOCIATION,

       Plaintiff,

v.            CIVIL ACTION NO. 3:12-cv-00668

RON RESH and
VALARIE REYNOLDS-RESH,

      Defendants; Counter Claimants;
      and Third Party Plaintiffs,

v.

REALTY CONCEPTS, LTD; ANDREW
BROSNAC; COLLIERS INTERNATIONAL
VALUATION & ADVISORY SERVICES, LLC;
PHILIP STEFFEN; LAWYER'S TITLE
INSURANCE CORPORATION; and HELEN
SULLIVAN,

      Third Party Defendants.


**MEMORANDUM OPINION AND ORDER**

   Pending before the Court are objections (ECF No. 172) by Third Party Defendant Realty

Concepts, Ltd. ("Realty Concepts"), to the Magistrate Judge's Order entered on May 20, 2013.

Also pending is a motion (ECF No. 184) by Realty Concepts to strike portions of Docket

Number 183, which is the response by Third Party Plaintiffs Ron Resh and Valarie Reynolds-

Resh ("the Reshes") in opposition to Realty Concepts' objections. For the reasons stated below,

Realty Concepts' motion to strike (ECF No. 184) is **GRANTED in part**, Realty Concepts'

objections (ECF No. 172) are **DENIED**, and the Magistrate's Memorandum Opinion and Order

(ECF No. 168) is **AFFIRMED**. The Court **FINDS** that Third Party Plaintiffs the Reshes are entitled to an award of **$4,297**. The Court accordingly **LIFTS** the stay previously granted in this matter (ECF No. 173).

## I. Statement of Facts

Discovery in this case has been very contentious. On November 5, 2012, the Reshes served their first set of interrogatories, their first request for production of documents, and a request for admissions on Realty Concepts. Certificates of Service, ECF Nos. 56, 60, 63. The Reshes and Realty Concepts stipulated that Realty Concepts would have until January 2, 2013, to respond to these requests. Stipulation, ECF No 72. On January 2, 2013, Realty Concepts provided responses but did not include any documents requested by the Reshes. Mem. Op. & Order at 2, May 20, 2013, ECF No. 198 (hereinafter "Award Order"). Realty Concepts then produced documents on January 7, 2013. *Id.* On January 30, 2013, the Reshes alerted Realty Concepts via letter that the Reshes viewed the discovery responses as problematic and that the Reshes would file a motion to compel if Realty Concepts did not supplement its answers as necessary within two days, that is, by February 1, 2013. Letter from Shawn J. Lau to Jill D. Helbling, Jan. 30, 2013, Ex. B, ECF No. 125-2. Subsequent emails between counsel did not settle this discovery dispute. Award Order at 3. The Reshes filed their motion to compel on February 1, 2013. Mot. Compel, ECF No. 110.

On February 26, 2013, Magistrate Judge Cheryl A. Eifert entered an order that granted the motion to compel in part. Order, ECF No. 126. In this order, the Magistrate overruled all of

Realty Concepts' "general objections"[1] to the discovery requests. *Id.* ¶ 1. The Magistrate additionally ordered Realty Concepts to provide a privilege log, other responsive documents, and certain interrogatory answers within ten days of entry of the order. *Id.* ¶¶ 2-4. A hearing was set for March 15, 2013, to resolve any outstanding issues, but "[t]he parties [were] encouraged to continue discussing ways in which the matters in dispute may be resolved without judicial intervention." *Id.* ¶ 5.

The parties met to discuss discovery on March 6, 2013, a meeting which Realty Concepts allegedly believed resolved the outstanding discovery dispute. Award Order at 3. Realty Concepts produced documents on April 9, 2013. *Id.* Realty Concepts emailed counsel for the Reshes on April 24, 2013, asking if the discovery dispute had been resolved with the production of these documents. Email from Ms. Helbling, Ex. K, ECF No. 166-11. Realty Concepts produced more documents on April 25, 2013, and the next day notified the Reshes that even more documents would be forthcoming. Award Order at 3.

After two joint continuances, the hearing originally scheduled for March 15, 2013, was held on April 29, 2013. The Magistrate granted the motion to compel and ordered Realty Concepts to provide all outstanding documents for the remaining discovery requests within ten days of entry of the order granting the motion to compel. Order at 2, Apr. 29, 2013, ECF No. 153. At the hearing, the Reshes orally requested an award of reasonable fees and costs incurred in bringing the motion to compel. The Magistrate accordingly set a deadline for the Reshes to file an itemized affidavit of fees and costs and for Realty Concepts to respond. *Id.*

---

[1] General objections are those that are not "stated with specificity," such as "a general objection on vagueness, ambiguity, broadness, and excessive burden without more." *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D. W. Va. 2010).

Counsel for the Reshes subsequently submitted an affidavit requesting expenses in the amount of $10,605.50. Am. Aff. Shawn J. Lau, ECF No. 156. Realty Concepts filed a response in opposition, arguing that an award should not be granted for several reasons. ECF No. 166. On May 20, 2013, the Magistrate entered a Memorandum Opinion and Order finding that the Reshes were entitled to an award for reasonable costs and fees pursuant to Federal Rule of Civil Procedure 37(a)(5) and granting an award of $4,297. Award Order, ECF No. 168.

Federal Rule of Civil Procedure 37 governs motions for an order compelling disclosure or discovery. The Rule specifies:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Realty Concepts timely filed objections to the order granting expenses, arguing that the Magistrate erred in granting this award. Objections, ECF No. 172. These objections center on whether the Reshes attempted to resolve the dispute in good faith before filing the motion to compel, whether an award is unjust, and calculation of the award itself.[2] The Reshes filed a response, ECF No. 183, and Realty Concepts filed a reply, ECF No. 185. Realty Concepts also

---

[2] Realty Concepts argued in response to the request for fees that its objections to the request for documents were substantially justified, which would preclude an award of fees and expenses. ECF No. 166 at 12-13. However, Realty Concept does not make this argument in the pending objections.

filed a motion to strike portions of the Reshes's response to the objections. Mot. Strike, June 24, 2013, ECF No. 184. The Reshes filed a response to the motion to strike, ECF No. 187, and Realty Concepts filed a reply, ECF No. 191. The objections to the Magistrate's order and the motion to strike are now ripe for resolution.

Realty Concepts raises eight objections to the Magistrate's order. One of these objections questions the procedure by which the request for expenses was made. That objection must be addressed before turning to Realty Concepts' other objections, which go to the merits of the decision to grant an award. Therefore, the Court discusses the propriety of a request for expenses without a formal motion in Section II. The Court then assesses the motion to strike in Section III. The Court explains the standard of review applicable to a magistrate's non-dispositive order in Section IV. Sections V through IX explore Realty Concepts' objections to the granting of any award whatsoever. Lastly, Section X assesses the reasonableness of the award given.

## II.  Request for Expenses Without a Formal Motion

Realty Concepts argues that the Reshes's informal oral request for expenses at the hearing on April 29, 2013, was not a valid motion for relief and that the Magistrate's order granting reasonable fees therefore violates Federal Rule of Civil Procedure 7. That Rule states in pertinent part:

> A request for a court order must be made by motion. The motion must:
> (A) be in writing unless made during a hearing or trial;
> (B) state with particularity the grounds for seeking the order; and
> (C) state the relief sought.

Fed. R. Civ. P. 7(b)(1). Realty Concepts cites no authority in support of its argument.

When a motion to compel has been granted, this district has previously allowed the prevailing party to file an affidavit of costs incurred in filing the motion without filing a formal

motion for that monetary relief. *See Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 185 (S.D. W. Va. 2010); *Wolfe v. Green*, 257 F.R.D. 109, 114 (S.D. W. Va. 2009). Based on this authority, the Court finds that the Reshes were not required to request reasonable costs prior to filing the motion to compel or in the course of that motion's resolution. Contrary to what Realty Concepts claims, the Reshes had not waived their right for reimbursement of expenses when they made their oral request for costs at the hearing on April 29, 2013. The request for costs was properly before the court, and so Realty Concepts' objection on that ground is denied.

### III.   Motion to Strike

The Court next turns to the pending motion to strike. Realty Concepts filed a motion to strike portions of Docket Number 183, which is the Reshes's response in opposition to Realty Concepts' objections. Realty Concepts argues that the Reshes include evidence in their response which was not previously before the Magistrate and requests that the Court accordingly strike that material. Specifically, the Reshes's response states that the Reshes's counsel called counsel for Realty Concepts to discuss the underlying discovery dispute on or about January 31, 2013, ultimately leaving messages for two of the lawyers. Resp. at 4. The Reshes filed the motion to compel the next day. A review of the record confirms that these two attempted calls were not previously discussed.

Realty Concepts also takes issue with the Reshes's attempt to characterize a phone call on January 4, 2013, as a "meet and confer session."[3] Mot. Strike at 4-5. Realty Concepts insists that the phone call only concerned document production and did not involve Realty Concepts' written responses to the discovery request or the types of documents provided by Realty

---

[3] The "meet and confer" obligation of Federal Rule of Civil Procedure 37 is explained in Section V.

Concepts. *Id.* The Court notes that the January 4, 2013, phone call was already part of the record well before the Magistrate awarded reasonable expenses. Mot. Compel ¶ 10, ECF No. 110; Mem. Supp. Mot. Compel at 3, ECF No. 111; Reply Supp. Mot. Compel at 2, ECF No. 125; Itemized Invoice of Expenses at 2, Ex. A, ECF No. 156-1. The Magistrate's Memorandum Opinion and Order granting the award, however, does not mention this phone call.

In that order, the Magistrate made the finding that "the Reshes did not comply with the spirit of Federal Rule of Civil Procedure 37(a)(1) or the explicit language of Local Rule 37.1(b)." Award Order at 7. Realty Concepts argues that because the Reshes did not file an objection to this finding, the Reshes cannot now bring forward new evidence to rebut that finding. Furthermore, Realty Concepts argues that a district court cannot consider new evidence when reviewing a magistrate's non-dispositive order. The Reshes counter that there was no reason for them to present this "new" evidence any earlier than they did.

Motions to strike material from a pleading are governed by Federal Rule of Civil Procedure 12(f):

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). This district has previously treated motions to strike as incredibly disfavored:

> A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted. Before granting a motion to strike, a court must be convinced there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.

*Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) (citations omitted) (internal quotation marks omitted).

Case law is somewhat unclear about a judge's ability to consider new evidence when reviewing a magistrate's non-dispositive order such as the order granting expenses incurred in filing the motion to compel.[4] The Third Circuit holds that when the district court reviews a magistrate's non-dispositive order, it "is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). Some district courts have similarly held. *See, e.g., Koch Materials Co. v. Shore Slurry Seal, Inc.*, 216 F.R.D. 301, 304 (D.N.J. 2003) ("In reviewing a Magistrate Judge's factual determinations . . . a District Court may not consider any evidence which was not presented to the Magistrate Judge."). In terms of considering additional evidence, a distinction can be drawn between review of non-dispositive and dispositive orders:

> While the Court is generally not precluded from considering additional evidence not submitted by a party to a magistrate judge when reviewing a report and recommendation issued by such judge on a dispositive motion, there is nothing in Rule 72(a) of the Federal Rules of Civil Procedure which states that it may do so on a non-dispositive issue . . . .

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs.*, 375 F. Supp. 2d 141, 158 (E.D.N.Y. 2005).

At least one district court in the Fourth Circuit, however, has held that a district judge can hear new evidence when reviewing a non-dispositive motion. *See United States v. Caro*, 461 F. Supp. 2d 478, 480 n.2 (W.D. Va. 2006) ("While review of a magistrate judge's decision on

---

[4] As more fully explained in Section IV, a non-dispositive order is an order which is not "a deciding factor" and does not "[bring] about a final determination" of the underlying relief sought in the case. Black's Law Dictionary, "Dispositive" (9th ed. 2009). An order resolving a motion to compel is non-dispositive, in contrast to an order resolving a motion for summary judgment or an order resolving a motion to dismiss.

nondispositive motions does not normally permit the admission of evidence not considered by the magistrate judge, the district judge has the discretion to do so."), *aff'd*, 597 F.3d 608 (4th Cir. 2010). However, even in instances where a district court *may* consider new evidence, it is not under an obligation to do so:

> While the court may receive further evidence, attempts to introduce new evidence after the magistrate judge has acted are disfavored. In appropriate cases, however, the district court may exercise its discretion and accept further evidence when a party offers sufficient reasons for so doing.

*Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (citations omitted); *see also Virgin Enterprises Ltd. v. Virgin Cuts, Inc.*, 149 F. Supp. 2d 220, 223 (E.D. Va. 2000). This accords with Wright and Miller's statement that "even though there are contrary indications in some cases, a district judge should have at least the authority to consider further evidence in reviewing rulings on nondispositive matters." 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d. ed. 2013).

Based on the cases cited above, this Court decides that it does not have the authority to consider evidence at this stage which was not before the Magistrate. Furthermore, even if this Court did have the discretion to consider such evidence, it would decline to do so at this stage given the extensive opportunities the parties have had to document the events leading up to the filing of the motion to compel. The Court will not consider evidence that counsel for the Reshes called counsel for Realty Concepts on January 31, 2013, as this information was never before presented. The Court will, however, consider evidence of the January 4, 2013, phone call because that call was a part of record prior to the Magistrate's order granting expenses, even though the Magistrate did not discuss this call. The Court therefore grants the motion to strike in part.

9

Realty Concepts also argues that the Resheses improperly request in their response that the Court—to the extent it chooses to modify the previous award—now grant the full amount sought in the affidavit, that is, $10,605.50. Realty Concepts argues that this request is invalid because the Reshes never filed an objection to the Magistrate's order. Because the Court declines to grant an award in excess of that ordered by the Magistrate, the Court need not reach this issue, and so the remainder of the motion to strike is denied as moot.

## IV.   Standard of Review for Magistrate's Order Granting Expenses

Pursuant to federal law, district court judges can empower magistrate judges to decide certain pretrial matters:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72(a) gives effect to Section 636(b)(1)(A), *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 793 (S.D. W. Va. 2004), and governs a district court's review of a magistrate's order regarding a non-dispositive matter. That Rule states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and *modify or set aside any part of the order that is clearly erroneous or is contrary to law.*

Fed. R. Civ. P. 72(a) (emphasis added). This "clear error" standard contrasts with the de novo

review standard applied to review of dispositive motions. *See* Fed. R. Civ. P. 72(b)(3).

"A court must look to the nature of a motion rather than its label in determining" whether

the motion is dispositive or non-dispositive. *Segal*, 303 F. Supp. 2d at 795. The motions listed in

Section 636(b)(1)(A) are considered to be dispositive motions, *see id.* at 793, and motions for

expenses incurred in filing a motion to compel are not included on that list. Furthermore,

"motions for sanctions are not dispositive by nature, regardless of the label." *Id.* at 795.

Therefore, the Reshes's request for expenses will be treated as a non-dispositive motion subject

to the clear error / contrary to law standard of Rule 72(a).

"Clearly erroneous" and "contrary to law" are not synonyms, however. The United States

Supreme Court has explained the "clear error" standard:

> In applying this standard, we, like any reviewing court, will not reverse a lower
> court's finding of fact simply because we "would have decided the case
> differently." *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S. Ct. 1504, 84
> L.Ed.2d 518 (1985). Rather, a reviewing court must ask whether, "on the entire
> evidence," it is "left with the definite and firm conviction that a mistake has been
> committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.
> Ct. 525, 92 L.Ed. 746 (1948).

*Easley v. Cromartie*, 532 U.S. 234, 242 (2001). This standard is "deferential" and "findings of

fact should be affirmed unless the reviewing court's view of the entire record leaves the Court

with 'the definite and firm conviction that a mistake has been committed.'" *Fed. Election*

*Comm'n v. Christian Coal.*, 178 F.R.D. 456, 460 (E.D. Va. 1998) (quoting *Harman v. Levin,* 772

F.2d 1150, 1153 (4th Cir. 1985)).

The "contrary to law" aspect of Rule 72(a) requires a different level of review:

"When . . . review of a non-dispositive motion by a district judge turns on a pure
question of law, that review is plenary under the 'contrary to law' branch of the

11

Rule 72(a) standard." *Powershare, Inc. v. Syntel, Inc.,* 597 F.3d 10, 15 (1st Cir. 2010) (citations omitted). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *Id.*

*Robinson v. Quicken Loans Inc.*, No. 3:12-cv-0981, 2013 WL 1704839, at *3 (S.D. W. Va. Apr. 19, 2013). Therefore, the Court will review the factual portions of the Magistrate order under the clearly erroneous standard but will review the Magistrate's legal conclusions to determine if they are contrary to law—that is, the court will conduct a de novo review of those conclusions.

Having explained the standard by which the Court will review the Magistrate's order, the Court now turns to Realty Concepts' first objection—that the Reshes did not satisfy the meet and confer requirement of Federal Rule of Civil Procedure 37.

## V. The Meet and Confer Requirement

A party considering filing a motion to compel is required under the Federal Rules to "[attempt] in good faith to obtain the disclosure or discovery without court action" before filing the motion to compel, or else that party cannot receive an award for reasonable costs incurred in filing the motion to compel. Fed. R. Civ. P. 37(a)(5)(A)(i). The Local Rules of Civil Procedure elaborate on this so-called meet and confer requirement:

> Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting.

Local R. Civ. P. 37.1(b). If the party moving to compel fails to attempt in good faith to meet and confer before the motion to compel is filed, the filing party can still prevail on the motion to compel but cannot receive an award for expenses incurred in bringing the motion to compel. *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 526 (S.D. W. Va.

2007). The determination of whether the meet and confer requirement is met is a legal conclusion that will be reviewed according to the contrary to law standard; in other words, it will be reviewed de novo.

This district has previously held that a letter on its own does not satisfy the meet and confer requirement. *Deakins v. Pack*, No. 1:10-cv- 1396, 2012 WL 242859, at *10 (S.D. W. Va. Jan. 25, 2012). In another case in the Fourth Circuit, the district court held that the meet and confer requirement was met where the parties exchanged emails and had a conference call "regarding all outstanding discovery issues" before the motion to compel was filed. Although this call did not resolve all issues, the court found that the meet and confer requirement was met, noting that "the presence of remaining issues does not serve as the standard against which the Court determines whether a meet-and-confer has taken place." *O'Neal v. Capital One Auto Fin., Inc.*, No. 3:10-cv-00040, 2011 WL 3877083, at *2 (N.D. W. Va. Aug. 31, 2011).

Realty Concept provided responses to the underlying discovery requests on January 2, 2013. On January 4, 2013, counsel for the parties spoke via phone concerning production. The Reshes claim that this call "was in direct response to the deficiencies Third-Party Plaintiffs found with the Discovery Responses and specifically with the insufficient production of documents." Resp. at 2-3. Realty Concepts insists that the phone call only concerned document production and did not involve Realty Concepts' written responses to the discovery request or the types of documents provided by Realty Concepts. Mot. Strike at 4-5. It appears that this call lasted between five and twelve minutes.[5] Counsel subsequently emailed each other on January 4 and 7,

---

[5] Realty Concepts states that the call lasted no more than five minutes, Mot. Strike at 5, while the Itemized Invoice of Expenses submitted by counsel for the Reshes has counsel billing 12 minutes for that phone call.

2013. On January 30, 2013, the Reshes alerted Realty Concepts via letter that the Reshes would file a motion to compel if Realty Concepts did not supplement their answers within two days. Counsel for the parties exchanged emails after the letter was received to attempt to resolve this discovery dispute. Having not reached a solution, the Reshes filed their motion to compel on February 1, 2013, certifying that the Reshes had made a good faith effort to meet and confer.

After considering the evidence, the Magistrate "agree[d] with Realty Concepts that the Reshes did not comply with the spirit of Federal Rule of Civil Procedure 37(a)(1) or the explicit language of Local Rule 37.1(b) when they filed a motion to compel without first conducting a meet and confer session." Award Order at 7. Additionally, she noted that "[s]ending a letter more than three weeks after receiving the responses, which gives the adverse party little time and opportunity to address the disagreement, is insufficient to fulfill the meet and confer requirement." *Id.* The Magistrate did not discuss the phone call of January 4, 2013.

Despite concluding that the meet and confer requirement was not met, the Magistrate nonetheless awarded the Reshes some of the costs requested:

> [U]nder the facts of this particular case, the Court does not find that the Reshes'[s] failure entitles Realty Concepts to entirely avoid an award of fees. While it is true that the Reshes filed the motion somewhat prematurely, they subsequently met and conferred with Realty Concepts and put forth a good faith effort to resolve the dispute without judicial intervention. . . .

> Taking these factors into consideration, the undersigned finds that the exception for failure to make a good faith effort to obtain the discovery before filing a motion to compel does not preclude an award in this case.

Award Order at 7-8.

Based on a plenary review of the legal conclusion that the Reshes were entitled to reimbursement for expenses, this Court agrees with the Magistrate and finds that the meet and

14

confer requirement was met. The Court does not believe that the meet and confer requirement is an absolute prerequisite under the facts here. While the better practice is to have a meeting before filing the motion to compel, here the Reshes complied with the spirit of the requirement by conferring extensively with Realty Concepts concerning production after filing the motion to compel and postponing any hearing. The discussions ultimately proved fruitful. The Reshes's efforts are sufficient to support a determination that the Reshes satisfied the meet and confer requirement and are therefore entitled to fees.

Realty Concepts faults the Reshes for not filing a timely objection to the Magistrate's finding that the Reshes did not comply with the spirit or letter of Rule 37. Realty Concepts argues that having not filed a formal objection, the Reshes's "attempt to rewrite the history of this dispute cannot overcome this finding and constitutes the type of newly-raised evidence the Court is precluded from considering under Rule 72(a)." Reply at 4, ECF No. 185. The Court disagrees. The Reshes's argument that they did satisfy the meet and confer requirement is a logical defense to the objection made by Realty Concepts. It is nonsensical that the Reshes's response to the objection is precluded. Furthermore, the Court granted the motion to strike in part, and is not considering impermissible newly-raised evidence anyway. Perhaps most importantly, as explained above, the Court does not believe that the meet and confer requirement is absolute. It therefore does not matter whether the Reshes formally objected to the Magistrate's finding, as a finding that the meet and confer requirement was not literally met does not necessarily preclude the award of expenses.

In summary, the objection regarding the meet and confer requirement is denied.

## VI.    Entry of Penalty for "Resolved" Dispute

Realty Concepts also objects to the award because Realty Concepts was allegedly completely cooperative in resolving the motion to compel and the parties did in fact reach a resolution of the discovery dispute on their own prior to the hearing on April 29, 2013. Realty Concepts claims that an award is therefore unjust under Rule 37.

Realty Concepts states that the parties resolved the discovery dispute underlying the motion to compel during a meeting on March 6, 2013. In accordance with the agreement reached at the meeting, Realty Concepts thereafter produced hundreds of pages of documents. On April 24, 2013, Realty Concepts attempted to confirm with the Reshes that the dispute had been resolved. Next, "[o]n a separate discovery track, Realty Concepts supplemented its original Responses upon discovering newly acquired information in a mislabeled box," which constituted a supplement of newly-discovered information pursuant to Federal Rule of Civil Procedure 26.[6] Objections at 3. Realty Concepts faults the Magistrate for "mak[ing] a finding that further documents were needed pursuant to the premature motion to compel as opposed to a proper Federal Rule 26(e) supplement, which is an analytical error." Objections at 8.

The Reshes counter that the discovery dispute was not resolved before the hearing on April 29, 2013, because "[e]ach time [Realty Concepts] certified that all documents had been produced[,] more documents were found and it is questionable whether [Realty Concepts]

---

[6] A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.] Fed. R. Civ. P. 26(e)(1)(A).

performed a proper search for the documents in the first place." Resp. at 11, ECF No. 183. The

Magistrate commented on this issue as follows:

> As the undersigned stated at the hearing, it appears as though counsel for Realty
> Concepts acted responsibly in attempting to resolve the discovery disagreements.
> In fact, all counsel expended considerable energy in working out the issues. Still,
> it cannot be ignored that Realty Concepts's production of relevant material was
> unacceptably protracted. Therefore, circumstances do not exist that would make
> an award of expenses unjust.

Award Order at 8.

This objection by Realty Concepts is denied, regardless of whether the Court uses a

"contrary to law" or "clearly erroneous" standard of review. Although Realty Concepts may have

produced all documents underlying the motion to compel by the time the April hearing occurred,

this did not change that fact that the Reshes found it necessary to file and maintain a motion to

compel in the first place. It took quite a bit of time for the parties to resolve this discovery

dispute. Also, in the end, the Magistrate did grant the motion to compel via orders entered on

February 14, 2013, and April 29, 2013. ECF Nos. 120, 153. Furthermore, the Reshes had reason

to be apprehensive about production, whether in regard to the discovery dispute or supplemental

disclosures on a separate discovery track. If anything, Realty Concepts' discovery of recent

documents that were mislabeled on that separate discovery track supports the Reshes's fear that

document production in other areas was problematic. Furthermore, the Court has found no case

law for the proposition that the "resolution" of the motion to compel in this manner makes an

award unjust.

Realty Concepts argues that allowing an award in this situation creates misplaced

incentives, because Realty Concepts would have been within its rights to wait until after the

April hearing to produce the supplemental "mislabeled" documents, as long as production was

timely under Rule 26(e). Had Realty Concepts so waited, it argues, the Reshes would have been unaware at the time of the hearing that more documents had been uncovered and would have had little reason to question production. In essence, Realty Concepts argues that an award of fees here penalizes Realty Concepts for acting promptly in disclosing uncovered documents. Despite recognizing that counsel for Realty Concepts cooperated, the Magistrate noted that production was "unacceptably protracted" and preceded by improper objections in the first place. Award Order at 9. As the Magistrate concluded, this Court likewise finds that an award of expenses is appropriate.

### VII.  Magistrate's "Mischaracterization" of Recent Document Production

Realty Concepts also objects on the grounds that the Magistrate's order mischaracterizes Realty Concepts' document production. Realty Concepts again argues that because Realty Concepts produced some supplemental documents pursuant to Rule 26(e) shortly before the hearing on the motion the compel, the Magistrate became confused and mistakenly believed that Realty Concepts was instead providing documents responsive to the motion to compel. The Reshes respond that this objection is irrelevant.

Reviewing this information de novo, the Court rejects this objection. This objection largely overlaps with the objection discussed in the previous section. The Court finds that this point does not dictate a finding that the award of fees here is unjust. To the contrary, in light of the supplemental documents produced under Rule 26(e), the Reshes were justified in being apprehensive about the completeness of Realty Concepts' disclosures involving the documents underlying the motion to compel. This objection is therefore denied.

### VIII. Burden of Showing Entitlement to Fees

Realty Concepts argues that the Reshes have not met their burden of proving entitlement to fees and that the award of fees is based on mere speculation. It is true that the Magistrate noted that the memorandum in support of fees, ECF No. 155, "was only four and [a] half pages long with minimal legal citation and argument." Award Order at 13. Realty Concepts argues that the award order "points to no evidence [from that brief] that even attempts to satisfy [the Reshes's] burden." Objections at 12 (emphasis removed). According to Realty Concepts, "[i]t appears the Magistrate silently found [the Reshes] satisfied [their] burden through the latter's unfounded speculation and paranoia." *Id.*

Based on the language of Rule 37, once a motion to compel is granted, a court *must* require the party whose conduct necessitated the motion to pay reasonable expenses to the moving party, unless one of the three exceptions is met. Therefore, once the Magistrate granted the motion to compel, the Reshes only needed to prove that their expenses were reasonable, not that they were entitled to expenses in the first place. Although a subtle distinction, it is an important once, especially since Realty Concepts argues in a *separate* objection that the evidence does not support the amount of fees awarded. The Court will indeed assess the reasonableness of the expenses awarded later in this Memorandum Opinion and Order. However, upon de novo review, that Court has no problem finding that the Reshes met their burden of showing they were entitled to *some amount* of fees. Rule 37 presents three exceptions to this mandatory award, but the Court finds that these exceptions do not apply. To the extent that Realty Concepts is arguing that the motion to compel should not have been granted, such an argument is impermissible here and should have instead been raised in a challenge to the order granting the motion to compel.

As a side note, the Court finds no problem with the Magistrate's characterization of the Reshes's memorandum in support of fees as using "minimal legal citation and argument." "Minimal" could mean that the party—rather than going above and beyond the burden required—merely put forward the least amount of argument necessary to support a finding in that party's favor. Even more importantly, the Magistrate made that characterization when describing the amount of time that could be billed for completion of that memorandum. The adjective "minimal" corresponded with the amount of time spent on the memorandum rather than the legal sufficiency of that writing. Furthermore, that memorandum was filed after the motion to compel was granted and therefore after the awarding of fees was triggered. In summary, this objection is denied.

## VIII.   Alleged Bad Faith and Good Faith of the Parties

Realty Concepts additionally argues that "[t]he fee award is . . . unjust given the Magistrate Judge's findings with respect to the parties' respective roles in the duration of the discovery dispute." Objections at 13. According to Realty Concepts, it has acted in good faith throughout this situation, while the Reshes have acted in bad faith. As explained previously, although the Magistrate found that the Reshes did not comply literally with Rule 37, the Court does not believe that the meet and confer requirement is rigid. Furthermore, even if counsel for Realty Concepts exhibited nothing but good faith—which the Magistrate acknowledged—, this in itself does not necessarily mean that an award of fees is unjust.

## IX.   Policy Considerations

Realty Concepts argues that certain policy considerations "override" the award of fees. According to Realty Concepts, the award of fees granted by the Magistrate "permits Third Party

Plaintiffs to pretend to negotiate in good faith, leave Realty Concepts with the understanding that the dispute has resolved, [and] conspires [sic] to let the latter make additional information available, then permits the former to seek fees for actions the latter completed voluntarily." Objections at 15. The Court rejects this characterization. The record is clear that Realty Concepts initially asserted inadequate objections and then took months to provide relevant documents, giving the Reshes a legitimate basis to maintain their motion to compel, which was ultimately granted.

### X.    Reasonable Award of Fees and Expenses

Having rejected all of the objections regarding exceptions to the mandatory award of fees, the Court now turns to the last objection raised by Realty Concepts—namely, that the amount of the fees award should be reconsidered. A de novo review of the Magistrate's determination of the award of fees is appropriate here.

In the second order granting the motion to compel, the Reshes were directed a file an affidavit of fees and argument supporting the award, specifically referring to the factors found in *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009).[7] ECF No. 153. As explained in *Robinson*, "[i]n calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a

---

[7] The twelve factors that should guide the Court when considering a reasonable award of fees: are: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Id.* at 243-44 (citation omitted).

reasonable rate." *Id.* at 243 (citing *Grissom v. The Mills Corp.,* 549 F.3d 313, 320 (4th Cir. 2008)). Great attention should especially be paid to the hourly rate:

> As in this case, determination of the hourly rate will generally be the critical inquiry in setting the "reasonable fee," and the burden rests with the fee applicant to establish the reasonableness of a requested rate. *Blum v. Stenson,* 465 U.S. 886, 895-96 n. 11, 104 S. Ct. 1541, 1547-48 n. 11, 79 L.Ed.2d 891 (1984). In addition to the attorney's own affidavits, the fee applicant must produce satisfactory "specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." *Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir. 1987) (quoting *Blum,* 465 U.S. at 895, 104 S. Ct. at 1547).

*Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

In *Robinson*, the counsel requesting fees produced billing records and an affidavit from lead counsel, and pointed to evidence from an official "matrix" reflecting reasonable attorney rates.[8] The Fourth Circuit found that the district court below abused its discretion by giving an award "in the absence of 'satisfactory specific evidence of the prevailing market rates.'" *Id.* at 245 (quoting *Plyler*, 902 F.2d at 277). In making this finding, the Fourth Circuit noted that counsel did not include any affidavits from other local lawyers and that the "matrix" did not adequately reflect rates in that region. Because lead counsel's "affidavit, standing alone, is not sufficient evidence of the prevailing market rates," the Fourth Circuit remanded to the district court to determine the fee after considering additional evidence. *Id.* at 246. The Reshes suggest that although they could have theoretically submitted supporting affidavits with their reply memorandum, they were prevented from doing so because the Magistrate ruled on the award before the deadline to file a reply expired.

---

[8] The so-called "Laffey Matrix" is "an official statement of market-supported reasonable attorney fee rates which was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia." *Id.* at 244.

The award of expenses here was thoroughly considered by the Magistrate, who substantially reduced the amount sought. The rates and nature of the work were fairly considered. Under these circumstances, there is no need for more time-consuming and costly submissions concerning the matter of fees. Upon review, the Court finds that the Reshes are entitled to an award of $4,297.

### Conclusion

For the reasons stated above, Realty Concepts' motion to strike (ECF No. 184) is **GRANTED in part**, Realty Concepts' objections (ECF No. 172) are **DENIED**, and the Magistrate's Memorandum Opinion and Order (ECF No. 168) is **AFFIRMED**. The Court **FINDS** that Third Party Plaintiffs the Reshes are entitled to an award of **$4,297**. The Court accordingly **LIFTS** the stay previously granted in this matter (ECF No. 173).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:          January 28, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE

23