IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**HSBC BANK USA, NATIONAL ASSOCIATION**,
As Indenture Trustee under that certain Indenture
dated June 1, 2007, for the benefit of the Indenture
Trustee and holders of the Business Loan Express
Business Loan-Backed Notes, Series 2007-A, as
their interests may appear,

      **Plaintiff,**

v.                                                     Case No.: 3:12-cv-00668

**RON RESH and VALARIE REYNOLDS-RESH,**
Individually and as Trustees of the Resh Living
Trust and the Valarie Reynolds-Resh Living Trust,

      **Defendants; Counter Plaintiffs;**
      **and Third-Party Plaintiffs,**

v.

**REALTY CONCEPTS, LTD.; ANDREW BROSNAC;
COLLIERS INTERNATIONAL VALUATION &
ADVISORY SERVICES, LLC; PHILIP STEFFEN;
LAWYER'S TITLE INSURANCE CORPORATION;
and HELEN SULLIVAN,**

      **Third-Party Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Motion for Protective Order Quashing Notices of Deposition of Third-Party Defendants Colliers International Valuation & Advisory Services, LLC and Philip Steffen ("Third-Party Defendants"). (ECF No. 284). Third-Party Plaintiffs have filed a response in opposition to the motion, (ECF No. 289), and Third-Party Defendants have filed a reply memorandum. (ECF No. 292). The

1

undersigned conducted a hearing on the motion on February 10, 2014. For the reasons set forth below and for those stated during the telephonic hearing, the court **DENIES** the motion.

Rule 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Discovery that seeks relevant information may nonetheless be restricted or prohibited if necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Likewise, on motion or *sua sponte,* the court may limit the frequency and extent of discovery when the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The party opposing discovery has the obligation to submit evidence supporting its claims that the requests are unduly burdensome. To prevail on the grounds of burdensomeness, the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is burdensome by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D.Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D. Fla.2009) ("A party objecting must explain the specific

and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome").

Third-Party Defendants ask the court to delay the taking of their depositions until the presiding District Judge has ruled on their motion for summary judgment. They argue that if the motion is granted, all claims against them will be dismissed. If the claims are dismissed, then their depositions will take considerably less time, will be of limited scope and more focused, and they will have the advantage of protections afforded to non-party witnesses. Moreover, as non-parties that reside in Arizona and Washington, they will not need to have West Virginia counsel present at the depositions, which will significantly reduce their costs.

On the other hand, Third-Party Plaintiffs argue that even if the motion for summary judgment is granted, they will still need to take the depositions of the Third-Party Defendants. According to Third-Party Plaintiffs, they have fast-approaching expert witness reports and numerous depositions to complete before the close of discovery; accordingly, a delay of the depositions will interfere with their ability to meet their deadlines and complete discovery.

Having considered the arguments, the undersigned finds no basis upon which to delay the depositions. While it may be true that Third-Party Defendants will incur some additional costs if the depositions proceed before a ruling on the dispositive motion, discovery has not been stayed. Moreover, Third-Party Defendants have not quantified the additional costs for the court; consequently, there is no record upon which the undersigned can conclude that the additional costs are unduly burdensome. The

depositions were scheduled reasonably in advance and were set in Arizona and Washington for the convenience of the deponents. The deponents will require preparation by counsel regardless of their roles in the litigation. For these reasons, the undersigned cannot conclude that the additional expense, if any, outweighs the prejudice to Third-Party Plaintiffs if the depositions are delayed. Third-Party Plaintiffs represent that they intend to depose the Third-Party Defendants regardless of the outcome of the summary judgment motion, and need to complete the depositions prior to the March deadline for serving expert witness reports. In particular, they argue that Mr. Steffen was an appraiser of property in dispute, and his testimony may play a significant role in the expert opinions. Finally, as Third-Party Plaintiffs point out, the summary judgment motion may not be resolved until after discovery is completed. As a result, Third-Party Defendants' argument that a delay of the depositions will result in a cost-savings is, at this time, merely speculation.

Therefore, the court **ORDERS** that within the next **fourteen (14) days**, the Third-Party Defendants make themselves available for deposition on a date and time, and at a location, convenient to the parties.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** February 10, 2014.

Cheryl A. Eifert
United States Magistrate Judge