IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HSBC BANK USA,
NATIONAL ASSOCIATION,

            Plaintiff,

v.                                    CIVIL ACTION NO. 3:12-cv-00668

RON RESH and
VALARIE REYNOLDS-RESH,

            Defendants; Counter Claimants;
            and Third Party Plaintiffs,

v.

REALTY CONCEPTS, LTD; ANDREW
BROSNAC; COLLIERS INTERNATIONAL
VALUATION & ADVISORY SERVICES, LLC;
PHILIP STEFFEN; and LAWYER'S TITLE
INSURANCE CORPORATION,

            Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion (ECF No. 278) by Third Party Defendants Colliers International Valuation and Advisory Services, LLC, ("Colliers") and Philip Steffen to Stay the Magistrate's January 21, 2014, Memorandum Opinion and Order. Also pending are Colliers' and Mr. Steffen's Objections to the Magistrate's Memorandum Opinion and Order (ECF No. 280) and their Motion for Summary Judgment (ECF No. 235). For the reasons explained below, the Court **DENIES** the Motion to Stay, **DENIES** the Objections, and **DENIES**

1

**without prejudice** the Motion for Summary Judgment.

## I. Background

On January 21, 2014, Magistrate Judge Cheryl A. Eifert entered a Memorandum Opinion and Order, ECF No. 276, granting in part and denying in part Colliers' and Mr. Steffen's Motion for Protective Order, ECF No. 261. Colliers and Mr. Steffen had sought a protective order in order to prevent discovery while their Motion for Summary Judgment was pending. Colliers' and Mr. Steffen's Motion for Summary Judgment argued that a December 2010 Settlement Agreement—signed by Defendants Ron Resh and Valarie Reynolds-Resh ("the Reshes") in a separate Ohio matter—released Colliers and Mr. Steffen from their liability in the instant civil action. Mot. Summ. J.; Mem. Supp. Mot. Summ. J., ECF No. 236. In their Response to the Motion for Protective Order, the Reshes countered that genuine issues of material fact remained regarding the effect of the Settlement Agreement and that additional discovery was necessary in order for the Reshes to adequately refute the Motion for Summary Judgment. Resp. Mot. Prot. Order, ECF No. 265. The Magistrate denied the Motion for Protective Order to the extent that it sought to prevent any discovery regarding the Settlement Agreement, specifically noting, "The undersigned has examined the settlement agreement and, at a minimum, concludes that its applicability to Colliers and Steffen is not crystal clear as neither Colliers, nor Steffen is identified by name in the release. Accordingly, the Reshes may conduct discovery necessary to oppose the motion for summary judgment." Mem. Op. & Order 6.

Colliers and Mr. Steffen subsequently filed the pending Motion to Stay the Magistrate's Memorandum Opinion and Order and Objections to the Magistrate's Memorandum Opinion and Order. The Reshes filed Responses to both Motions. Resp. Mot. Stay, ECF No. 296; Resp.

Objections, ECF No. 297. Colliers and Mr. Steffen did not file replies. These Motions are now ripe for resolution. Two responses to Colliers' and Mr. Steffen's Motion for Summary Judgment were filed, and Colliers and Mr. Steffen filed a reply. Therefore, the Motion for Summary Judgment is also ripe for resolution. The Court will address the Motion to Stay, the Objections, and the Motion for Summary Judgment below.

## II. Motion to Stay

Colliers and Mr. Steffen move for a stay of the Magistrate's Memorandum Opinion and Order granting in part and denying in part their Motion for Protective Order. When considering whether to grant a stay of discovery, the Court must consider "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008) (internal quotation marks omitted) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)); *see also White v. Ally Fin. Inc.*, No. 2:12-CV-00384, 2013 WL 164156, at *8 (S.D. W. Va. Jan. 15, 2013) (citing *Tolley* for this test).

Colliers and Mr. Steffen argue that a stay should be granted because discovery issues related to the Motion for Protective Order—such as concerns over attorney-client privilege and the necessity of providing certain documents in the first place—would be mooted if the Court granted their pending Motion for Summary Judgment and/or the Objections. They additionally argue that the Reshes would not be prejudiced by a stay and that a stay would protect Colliers' and Mr. Steffen's contractual rights. The Reshes respond that they would be prejudiced by a stay. Even if the Motion to Stay were not largely mooted by the amount of time that has progressed since its filing, Colliers and Mr. Steffen have not convincingly demonstrated that the test for

3

granting a stay of discovery is met. The Reshes have raised a good faith defense to the Motion for Summary Judgment. In light of this good faith argument, while Colliers and Mr. Steffen will face minimal hardship by engaging in the disputed discovery, the interests of judicial economy do not favor a stay. Additionally, the Reshes would be prejudiced if they were unable to timely pursue their good faith argument regarding the Settlement Agreement. Even though a considerable amount of time has passed since the Motion to Stay was filed, a stay is not warranted. Based on the facts, this delay in resolving the Motion to Stay has caused no harm to the parties. In summary, the Motion to Stay is **DENIED**.

### III. Objections to the Magistrate's Memorandum Opinion and Order

Colliers and Mr. Steffen object on several grounds to the Magistrate's Memorandum Opinion and Order granting in part and denying in part Colliers' and Mr. Steffen's Motion for Protective Order. As the Reshes point out in their Response to the Objections, because the Magistrate's Memorandum Opinion and Order is not a final determination regarding a dispositive motion, it can only be modified or set aside if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Federal Rule of Civil Procedure 26(c) provides the legal standard for granting protective orders, and states, in pertinent part, "The court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id.* 26(c)(1).

First, Colliers and Mr. Steffen argue that the Magistrate exceeded her jurisdiction by considering the merits of the Motion for Summary Judgment when ruling on the Motion for Protective Order. However, it was not improper for the Magistrate to consider the Motion for Summary Judgment in the manner evidenced by her Memorandum Opinion and Order. If the

4

Motion for Summary Judgment clearly would be granted (such as if the Settlement Agreement *explicitly named* Colliers and Mr. Steffen as parties against whom all claims were released), then that would have provided "good cause" for issuing the protective order. In concluding that the Settlement Agreement's "applicability to Colliers and [Mr.] Steffen is not crystal clear," Mem. Op. & Order 6, the Magistrate was *not deciding* the merits of the Motion for Summary Judgment, but merely making a cursory review of the summary judgment pleadings to the extent necessary to inform her decision regarding the Motion for Protective Order. Such an assessment was not outside the jurisdiction of the Magistrate. Therefore, this objection is rejected.

Second, Colliers and Mr. Steffen argue that the Magistrate applied the wrong standard for determining whether to grant the Motion for Protective Order, yet then proceed to recite the legal standard for granting a motion for a *stay of discovery*. As the Reshes point out, the correct standard is Rule 26(c)'s "good cause" standard. Colliers and Mr. Steffen filed no reply refuting the Reshes' argument about the correct legal standard. The Magistrate's decision is not clearly erroneous or contrary to law. Therefore, this objection is also rejected.

Third, Colliers and Mr. Steffen argue that the Magistrate misapplied applicable Ohio law in finding that the Settlement Agreement was ambiguous. However, this objection misconstrues the extent of the Magistrate's ruling. The Magistrate was not making a conclusive finding regarding the Settlement Agreement, but was merely probing into the merits of the Settlement Agreement argument to the extent necessary to resolve the Motion for Protective Order. Again, the Magistrate acted properly within the scope of her powers. Therefore, this objection is rejected.

The Reshes raise additional points in their Response to the Objections. However, it is not

necessary to reach those points, as the Objections have been resolved on other grounds. Even though a considerable amount of time has passed since the Objections were filed, the Objections are without merit. Therefore, this delay in resolving the Objections has caused no harm to the parties. In summary, the Objections are **DENIED**.

### IV.   Motion for Summary Judgment

As discussed above, Colliers and Mr. Steffen request summary judgment in their favor on the grounds that the Settlement Agreement releases them from liability in the instant civil action. The Reshes have raised in good faith a defense to this Motion and have sought additional discovery regarding the Settlement Agreement. The Reshes are entitled to this additional discovery in order to better respond to the arguments for summary judgment. Therefore, the Court **DENIES without prejudice** Colliers' and Mr. Steffen's Motion for Summary Judgment.

### V.   Conclusion

For the reasons explained above, the Court **DENIES** Collier's and Mr. Steffen's Motion to Stay (ECF No. 278), **DENIES** their Objections (ECF No. 280), and **DENIES without prejudice** their Motion for Summary Judgment (ECF No. 235).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 16, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE