IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HSBC BANK USA,
NATIONAL ASSOCIATION,

        Plaintiff and Counter Defendant,

v.                  CIVIL ACTION NO. 3:12-cv-00668

RON RESH and
VALARIE REYNOLDS-RESH,

        Defendants; Counter Claimants; Counter Defendants;
        and Third Party Plaintiffs,

v.

REALTY CONCEPTS, LTD;
HELEN SULLIVAN; and
LAWYER'S TITLE INSURANCE CORPORATION,

        Third Party Defendants; Counter Claimants; Cross Claimants; and
        Cross Defendants,

*and*

ANDREW BROSNAC,

        Third Party Defendant and Cross Defendant.

**MEMORANDUM OPINION AND ORDER**

On December 16, 2015, this Court issued an order taking notice of Third-Party Defendant Andrew Brosnac's incarcerated status and directed Third-Party Plaintiffs, Ron Resh and Valarie Reynolds-Resh, to submit a memorandum, pursuant to Federal Rule of Civil Procedure 17, addressing the effect Mr. Brosnac's status as an incarcerated individual would have on further

litigation. Third-Party Plaintiffs filed a Response on December 30, 2015 and Third-Party Defendant, Realty Concepts, Ltd., filed a Supplemental Response on January 15, 2016.

After careful consideration of this issue, the Court **FINDS** that Andrew Brosnac is domiciled in Texas and under Texas law he is not considered incapacitated as a result of his imprisonment. As such, Third-Party Plaintiffs can proceed on their claims against him.

### I. Capacity to be Sued

Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, "[t]he court must appoint a guardian ad litem-or issue another appropriate order-to protect a[n]. . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "[F]or an individual who is not acting in a representative capacity," the individual's capacity to be sued is determined "by the law of the individual's domicile[.]" Fed. R. Civ. P. 17(b)(1). In other words, when an individual is sued in his or her individual capacity, it is the law of the individual's domiciliary state that controls whether or not the individual has the capacity to be sued, and consequently whether Rule 17(c) applies. If an individual party is determined to have the capacity to sue or be sued under the law of his or her domicile, then Rule 17(c) is not applicable.

As such, the Court must first determine Andrew Brosnac's place of domicile. A person's domicile is determined by "their physical presence in a place . . . . [with an] intent to remain there." *Evans v. TRG Customer Sols., Inc.*, No. 2:14-00663, 2014 WL 1794866, at *3 (S.D. W. Va. May 6, 2014) (quoting *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). As indicated in the Reshes' Response to the Court's Order, ECF No. 580, Mr. Brosnac is currently incarcerated in Texas. Prior to his incarceration, he had resided in Texas for four years, had been issued a Texas real estate license, maintained a home in Texas, and had enrolled his children in Texas schools. ECF No. 580, Ex. 3, 4. Further, the Reshes made service on Mr. Brosnac in Texas

2

when filing the Third-Party Complaint. ECF No. 28. This evidence indicates that prior to and during the course of this litigation, Mr. Brosnac was and still is domiciled in Texas. As such, Texas law should be applied in determining whether Mr. Brosnac has the capacity to be sued as an incarcerated individual.

Under Texas law, a party is considered incapacitated and under a legal disability <u>only</u> if the person is "(1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind." Tex. Civ. Prac. & Rem. Code Ann. § 16.001. When section 16.001 of the Texas Civil Practice and Remedies Code was initially enacted, it did include "imprisoned" amongst its list of those under a legal disability. *Burrell v. Newsome*, 883 F. 2d 416, 418 (5th Cir. 1989). However, when it was amended in 1987, incapacity due to imprisonment was removed from the code and is now no longer considered a legal disability in Texas. *Id.* at 419. As such, an incarcerated person in Texas is no less capable of suing or being sued than any other person, and Texas courts have allowed civil actions to be both initiated by and against incarcerated persons without error being found. *See Id.*; *Pruske v. Dempsey*, 821 S.W.2d 687 (Tex. Ct. App. 1991), *overruled on other grounds*, *In re Z.L.T.*, 124 S.W.3d 163 (Tex. 2003); *Stanton v. Stanton*, No. 02-13-00097, 2014 WL 5307194 (Tex. Ct. App. 2014).

Therefore, as Mr. Brosnac is a Texas domiciliary who is imprisoned in Texas, and Federal Rules of Civil Procedure 17(b) and 17(c) apply according to the law of an individual party's domicile, Mr. Brosnac is not an incompetent or incapacitated person under Rule 17.

## II. Right to a Representative

Next, Third-Party Defendant Realty Concepts Ltd. argues that Mr. Brosnac is entitled to and did not waive his right to a representative, such as a guardian ad litem or committee, to represent his interests in this case. However, as indicated in the analysis above, Mr. Brosnac does

not have a right to a representative under the law of his domiciliary state, Texas. Third-Party Defendant is correct that, under West Virginia law, an incarcerated individual is considered incapacitated and therefore entitled to a guardian ad litem or other form of protection to safeguard and protect his or her interests. W. Va. R. Civ. P. 17(c). However, because Mr. Brosnac is not domiciled in West Virginia, this law is inapplicable. Further, if Third-Party Defendant was instead referring to West Virginia Code § 28-5-36 (instead of W. Va. R. Civ. P. 17) when making its argument regarding a representative for Mr. Brosnac, this statute would also be inapplicable.[1] This is because this section of the West Virginia Code is found under a Chapter titled "State Correctional and Penal Institutions," indicating that it applies only to individuals imprisoned in institutions within the state of West Virginia. There is no similar provision in the Texas code. Therefore, Third-Party Defendant's argument that Mr. Brosnac is entitled to and did not waive his right to a representative is unfounded because Mr. Brosnac is not incapacitated and does not have a right to a representative under the law of his domiciliary state, Texas.

Third-Party Defendant also argues that Mr. Brosnac should be permitted to appear at trial. Mr. Brosnac himself is a party in this case and, to date, has not petitioned the Court to appear in

---

[1] This statute provides, in pertinent part, that for suits by or against a convict or committee:

> Such committee may sue and be sued in respect to debts due to or from such convict, and respecting all other causes of action for which the convict might sue or be sued had no such incarceration taken place, and shall have the privilege of an administrator as to the right or retaining his own debt. No action or suit shall be instituted by or against such convict after he is incarcerated, and all action or suits to which he is a party at the time of his incarceration shall abate, and continue so until revived by or against the committee, whose duty it shall be to prosecute or defend, as the case may be.

W. Va. Code § 28-5-36.

person at trial. If Third-Party Defendant wants Mr. Brosnac to appear in person at trial, it should determine if his appearance is legally and logistically possible, and if so, the appropriate procedures to ensure Mr. Brosnac's attendance. Otherwise, Third-Party Defendant should secure Mr. Brosnac's testimony through other means.

### III.     Conclusion

As such, the Court **FINDS** that Mr. Brosnac is not considered an incapacitated person pursuant to Federal Rule of Civil Procedure 17 and therefore is not entitled to a guardian ad litem or other safeguard to protect his interests. Third-Party Plaintiffs may proceed with their claims against him.

ENTER:     January 21, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE