IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HSBC BANK USA,
NATIONAL ASSOCIATION,

           Plaintiff,

v.                                             CIVIL ACTION NO. 3:12-cv-00668

RON RESH and
VALARIE REYNOLDS-RESH,

           Defendants; Counter Claimants;
           and Third Party Plaintiffs,

v.

REALTY CONCEPTS, LTD,

           Cross Claimant,

*and*

ANDREW BROSNAC,

           Third Party Defendant and Cross Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Third Party Plaintiffs Ron Resh and Valarie Reynolds-Resh's ("the Reshes") Motion for Summary Judgment Against [Third Party Defendant] Andrew Brosnac ("Brosnac"). ECF No. 530. For the reasons set forth below, the Court **GRANTS** Third Party Plaintiffs' Motion (ECF No. 530) and awards judgment in their favor against Brosnac in the amount of $16,432,938.

**I.**        **Legal Standard**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his position. *Anderson*, 477 U.S. at 252.

"'[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'" *Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 822 (D. Md. 1998) (quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)). "Thus, if the movant bears the burden of proof on an issue, . . . he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## II.     Discussion

The facts of this case are detailed in the Court's Memorandum Opinions and Orders entered on February 8, 2016 (ECF No. 649) and on February 12, 2016 (ECF No. 660). The Court adds the following additional facts pertinent to the Reshes' claims against Brosnac. In general, Brosnac's participation in this litigation has been limited to the following instances: he filed an Answer, pro se, on September 18, 2014, generally denying the Reshes' Complaint and he was deposed. He has filed no response to the instant motion. Nevertheless, finding no genuine issue of material fact remains, the Court grants the Third Party Plaintiffs' Motion.

As more fully explained in the earlier opinions, Brosnac was retained by the Reshes as a broker and consultant, guiding them in the purchase of commercial real estate for investment purposes. As such, he became the conduit for information and documents between the Reshes and other parties to the transactions (i.e. the bank, Samuel Pearson ("Pearson"), Spaar and related companies, and other parties to this suit which played roles in the transactions).

As a result of his role in the Resh transactions and others, Brosnac was the target of a subsequent Superseding Indictment in the United States District Court for the Middle District of Pennsylvania, to which he entered a guilty plea as to Count One of the Indictment in 2014. ECF No. 531, at 8; ECF No. 530, Exs. 5, 6. The Superseding Indictment, in summary, alleged that Brosnac led a fraudulent scheme involving the Reshes' transactions and a number of other similar transactions (also involving Pearson) throughout the country with other investors. ECF No. 530, Exs. 5, 6. The Superseding Indictment specifically identifies the Reshes' West Virginia Jiffy Lube transactions among the Overt Acts carried out by Brosnac and Pearson intended to defraud the Reshes and others. *Id.* Ultimately, the sentencing court ordered Brosnac to pay restitution to the Reshes, although the total amount was well below what investors lost as a result of the scheme.

In addition to the facts established by Brosnac's guilty plea to the Superseding Indictment, the Reshes, through discovery and documents in support of their Motion, further establish Brosnac's role and conduct in the scheme. The Court has noted in prior opinions that some documents and other critical information were made known to the Reshes; therefore, as previously indicated the Reshes are liable to Plaintiff HSBC Bank and their claims against other parties have been dismissed. However, the unrefuted evidence also demonstrates that Brosnac misrepresented and withheld material information from the Reshes as part of this scheme. For instance, Brosnac knew, but withheld, that Pearson was using the Resh transaction essentially to fund his acquisition of a number of other Jiffy Lubes, thus inflating their value and the rent to be paid. Brosnac also withheld important documents concerning the appraisals, the denial of credit by an earlier financing source, Peanut Oil's financial statements, and the full nature of the "double escrow" structure. As a result of Brosnac's fraudulent conduct, the Reshes were induced to invest their funds in the West Virginia properties, the success of which depended on Pearson's ability to pay rents greatly in excess of the market value.

1. Analysis

As the Reshes indicate in their memorandum in support of their Motion for Summary Judgment, if facts have been previously litigated in a prior action, and those same facts were necessary for the determination of the first case, a party can be collaterally estopped from "relitigating an identical issue with the same party or his privy." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Specifically, "[a] party seeking to rely on the doctrine of collateral estoppel is obliged to establish five elements: (1) that the issue sought to be precluded is identical to one previously litigated; (2) that the issue was factually determined in the prior proceeding; (3) that the issues' determination was a critical and necessary part of the decision of the prior

proceeding; (4) that the prior judgment is final and valid; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issues in the previous forum." *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (internal citations omitted). Furthermore, as applicable to the case here, "[t]he doctrine of collateral estoppel may apply to issues litigated in a criminal case which a party seeks to relitigate in a subsequent civil proceeding. . . . In some instances, the criminal conviction may be a plea agreement: a defendant is precluded from retrying issues necessary to his plea agreement in a later civil suit." *United States v. Wright*, 839 F.2d 193, 196 (4th Cir. 1987).

As such, and in accordance with this precedent, the Court finds that Brosnac is precluded from relitigating the facts determined in the Superseding Indictment. ECF No. 530, Exs. 5, 6. The Reshes' provide the following analysis regarding this issue:

> Relating to the five elements of collateral estoppel discussed above, Brosnac's guilty plea meets the requirements for preclusion of the issues of material fact in this matter. . . . [T]he elements of each civil claim[] . . . . [are identical to] the issues that were in dispute in Brosnac's prior criminal case in regards to the necessary facts. Further, the Middle District of Pennsylvania determined the factual basis to convict on these facts were sufficient and accepted Brosnac's plea. The charge of conspiracy which Brosnac pled to requires an agreement between two or more persons, followed by an overt act, making it necessary to determine Brosnac's agreement with Pearson, the purpose of the agreement, and the conduct comprising the overt acts, which under the Indictment specifically included the transaction regarding the West Virginia Properties. . . . Brosnac has waived a direct appeal and failed to file a timely appeal, has not requested or been granted habeas corpus relief, and therefore his conviction is valid and final. Finally, at the time Brosnac entered into the plea he was being given a full and fair opportunity to litigate these issues, having been provided with publicly-funded counsel and all necessary incentive to present a defense given the severity of the criminal penalties; instead Brosnac chose to waive that right and admit his guilt. Accordingly, as the issues are identical to those in the criminal case, the court in that matter determined the evidence sufficient to convict on the facts, the facts were necessary for the conviction, Brosnac had no further right to appeal and the conviction is valid and final, and Brosnac had an opportunity to fully litigate the fact, the elements set forth in *Collins* for issue preclusion are met and Brosnac is collaterally estopped from relitigating those facts here.

ECF No. 531, at 13–14. The Court agrees. Therefore, both Brosnac's guilty plea to Count One of the Superseding Indictment and the unrefuted evidence provided by the Reshes' in their Motion for Summary Judgment (discussed infra) establish Brosnac's liability under each of the Reshes' claims, including their Racketeer Influenced and Corrupt Organizations Act ("RICO") claim. Because no issue of material fact remains, the Court **GRANTS** Third Party Plaintiffs' Motion for Summary Judgment. ECF No. 530.

2. Damages

On the issues of damages, the Court **FINDS** that the Reshes' damages are the amount of the judgment obtained by Plaintiff HSBC Bank against the Reshes, $4,125,000, and the down payment made by them in the amount of $1,244,654, together with their closing costs of $107,992, totaling $5,477,646. The Court denies the Reshes' other damage claims as too speculative. Because they prevail on the RICO claim, the Reshes are entitled to treble damages, amounting to a total of $16,432,938.

### III. Conclusion

For the foregoing reasons, Third Party Plaintiffs Ron Resh and Valarie Reynolds-Resh's Motion for Summary Judgment Against Andrew Brosnac (ECF No. 530) is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 4, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE