## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

HSBC BANK USA,
NATIONAL ASSOCIATION,

Plaintiff,

v.                                                    CIVIL ACTION NO. 3:12-cv-00668

RON RESH and
VALARIE REYNOLDS-RESH,

Defendants; Counter Claimants;<br>and Third Party Plaintiffs,

v.

REALTY CONCEPTS, LTD,

Cross Claimant,

*and*

ANDREW BROSNAC,

Third Party Defendant and Cross Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Ron Resh and Valarie Reynolds-Resh's Motion for Stay of Judgment Pending Resolution of Post-Judgment Motions. ECF No. 689. For the reasons set forth below, Defendants' Motion is GRANTED.

### I.      Background

The facts of this case have been explained in detail in numerous preceding Memoranda Opinions and Orders. *See* ECF Nos. 649, 660. The only additional relevant fact pertinent to this

instant Motion is that on April 4, 2016, the Court entered a Final Judgment Order, granting judgment against Defendants and in favor of Plaintiff HSBC Bank, USA ("HSBC") in the amount of $4,125,000.000. ECF No. 677. Defendants have since filed three motions "to Alter or Amend Under Rule 59 From Final Judgment Order," seeking reconsideration from the Court on three of its previous rulings. ECF Nos. 683, 685, 687. In conjunction with these motions, Defendants have filed the instant Motion, requesting the Court to stay execution of the judgment against Defendants pending the resolution of the abovementioned post-trial motions.

## II.    Discussion

Federal Rule of Civil Procedure 62(b) provides:

(b) Stay Pending the Disposition of a Motion. On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions:
    (1) under Rule 50, for judgment as a matter of law;
    (2) under Rule 52(b), to amend the findings or for additional findings;
    (3) <u>under Rule 59, for a new trial or to alter or amend a judgment; or</u>
    (4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b) (emphasis added). Accordingly, the Court has the authority and discretion to issue a stay pending the resolution of Defendants' post-trial motions, as these motions are brought pursuant to Fed. R. Civ. P. 59.

However, before exercising discretion in issuing a stay, a court should consider the following factors to ensure that the stay is justified: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, although the Court has not reached the merits of Defendants' post-trial motions, the Court finds that the Defendants will suffer irreparable harm if

forced to immediately execute the judgment, the issuance of the stay will not substantially injure the Plaintiff, and that the issuance of a stay satisfies the public interest.

These final three elements, regarding the justification of issuing a stay, are considered together in this case as they are inextricably intertwined. Here, Defendants' claim "they do not possess sufficient assets to pay the judgment and [if HSBC is permitted to proceed immediately with execution of the judgment entered against them] they may be forced to file for bankruptcy protection, which would result in an automatic stay of these proceedings, ultimately delaying resolution of the disputes that, to this point, have been resolved by this Court's Final Judgment Order." ECF No. 690, at 4. Defendants provide Ron Resh's affidavit in support of this statement. ECF No. 689, Ex. 1. Considering this and the need for judicial efficiency in the resolution of this case, the Court FINDS that Defendants, as well as Plaintiff (due to the effect Defendants' possible declaration of bankruptcy could have on Plaintiff's ability to collect judgment), are best served by staying the execution of judgment until the Court rules on Defendants' post-trial motions.

In determining that a stay is appropriate in this situation, the Court also relied on the following analysis from another district court in the Fourth Circuit:

> The standards of former Fed. R. Civ. P. 73(d), which continue to provide guidance on appropriate security under Fed. R. Civ. P. 62(d) and which required that a supersedeas bond cover, inter alia, the whole amount of the judgment, interest and damages for delay, *see* 39 F.R.D. at 128–29, does not apply to "proper" conditions of security for a stay pending disposition of post-trial motions under Rule 62(b).

> Unlike the stay pending appeal under Rule 62(d), a stay pending disposition of a motion for judgment n.o.v. and/or a new trial will generally be resolved in far less time that the lengthy process of briefing, argument and disposition which an appeal entails. Consequently, the risk of an adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal. It is also significant that prior to an appeal the district court has plenary power to alter, amend or reopen the judgment and grant a new trial or enter a directed verdict.

> Finally, those few cases addressing the issues of security under Rule 62(b) indicate

some flexibility in assessing adequate security.

*Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 215 (D.S.C. 1984). Considering this analysis, the procedural posture of this case, and both Plaintiff's and Defendants' instant situation, the Court disagrees with Plaintiff's arguments and finds that a stay is appropriate in this instance.

Although the Court issues a stay, the Court denies an unsecured stay and FINDS that in lieu of a full supersedeas bond, Defendants must post the following partial, limited security, as set forth in their reply memorandum:

> (1) Hardee's Restaurant/Exxon Station, 844 Carl Eller Road, Mars Hill, NC 28754, in which Defendants estimate their equity at $1,300,000; (2) Wendy's Restaurant, 925 25th Street NW, Cleveland, TN 37311, in which Defendants estimate their equity at $700,000; (3) Wendy's Restaurant, 4500 Highway 58, Chattanooga, TN 37416, in which Defendants estimate their equity at $800,000; (4) Wendy's Restaurant, 401 Battlefield Parkway, Ft. Oglethorpe, GA 30742, in which Defendants estimate their equity at $100,000; and (5) GameStop, 1710 MS-15, Laurel, MS 39440, and Advance America, 1710 MS-15, Suite B, Laurel MS, 39440, in which Defendants estimate their equity at $300,000, for a total of $3.2 million.

ECF No. 699, at 4. Defendants are permitted a period of six months from the date HSBC's monetary judgment becomes final to market these properties for sale with the net proceeds to be first applied to satisfy HSBC's monetary judgment. *Id.* Additionally, Defendants are required to give Plaintiff written notice twenty-one days prior to any material disposition of assets, specifying the assets involved and the manner of disposition. *See Int'l Wood Processors,* 102 F.R.D. at 215–216.

Accordingly, Defendants' Motion to Stay Judgment is GRANTED and Defendants' are ordered to post an alternative form of security consistent with the findings above.

## III. Conclusion

For the foregoing reasons, Defendants Ron Resh and Valarie Reynolds-Resh's Motion for Stay of Judgment Pending Resolution of Post-Judgment Motions (ECF No. 689) is **GRANTED**

and Defendants are **ORDERED** to post an alternative form of security consistent with the findings above.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:         June 9, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE

5